

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC  20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202-973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

April 1, 2014

<u>*Via ECF*</u>

Mr. Mark Langer
Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re:   *AF Holdings, LLC v. Does 1-1058*, No. 12-7135,**
**(Argument Set for April 14, 2014 Before**
**Circuit Judges Tatel, Silberman and Sentelle)**

Dear Mr. Langer:

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28(f),
Appellant Comcast respectfully submits the attached opinions in *Lightspeed Media
Corp. v. Smith*, No. 12-cv-889-DRH-SCW (S.D. Ill. March 24, 2014)(Exhibit A)
and *AF Holdings, LLC, v. John Does*, No. 12-1445, 12-1446, 12-1447, 12-1449,
12-1449 (D. Minn. Mar. 31, 2013)(Exhibit B).  These two opinions were both
issued after appellants filed their Reply Brief and after Appellant Verizon filed its
March 18, 2014 Rule 28(j) letter.  Verizon's letter included earlier decisions in the
same *Lightspeed v. Smith* and *AF Holdings v. John Does* cases.  Appellants address
the issue to which these developments relate in Section V of their Reply Brief.

In the March 18, 2014 letter, Verizon explained how the decision in *Lightspeed
Media Corp. v. Smith*, No. 12-889, 2013 WL 6225093 (S.D. Ill. Nov. 27, 2013),
*appeal pending* (7th Cir.), addressed sanctions against AF Holdings' counsel under
28 U.S.C. § 1927, based on pursuit of frivolous claims.  The *Lightspeed* decision
submitted here holds AF Holdings' counsel in contempt for willfully refusing to
comply with that earlier sanctions order by failing either to remit payment or to

Anchorage     New York      Seattle
Bellevue      Portland      Shanghai
Los Angeles   San Francisco Washington, D.C.

www.dwt.com

Clerk of the Court, D.C. Circuit Court of Appeals
April 1, 2014
Page 2


seek a stay accompanied by a supersedeas bond.  *Lightspeed*, slip op. at 8-11, *appeal pending* (7th Cir.).  As a result, the *Lightspeed* court imposed additional sanctions on counsel to uphold the integrity of the court and to compensate movants for the costs of having to bring the contempt motion.  Ex. A at 11-13.

Verizon's March 18, 2014 letter also cited and enclosed the decision by the magistrate judge in *AF Holdings v. John Does*, which issued on November 6, 2013, but was stayed pending review by the district judge.  On March 31, 2014, the district judge reversed the magistrate judge, holding that the magistrate exceeded his authority in imposing sanctions under the court's inherent authority, and vacated the prior order that was submitted in Verizon's March 18 letter.  Ex. B at 7-8.


Respectfully,

*s/  John D. Seiver*

John D. Seiver
Counsel for Appellant
Comcast Cable Communications, LLC

Attachments: Exhibits A and B

cc:    All Counsel (via ECF)

Clerk of the Court, D.C. Circuit Court of Appeals
April 1, 2014
Page 3

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 28(j), the undersigned

certifies that the body of the attached letter contains less than 350 words.  Counsel

relies on the computer program used to generate this letter for the word count.

/s/ John D. Seiver
John D. Seiver