# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

|  |  |
|---|---|
| Larry Klayman, *et al.*, | ) |
|       Appellees-Cross-Appellants, | ) Case Nos. 14-5004, 14-5005, |
| v. | ) 14-5016, 14-5017 |
| Barack Hussein Obama, *et al.*, | ) |
|       Appellants-Cross-Appellees. | ) |

_____

## MOTION OF *AMICUS CURIAE* CENTER FOR NATIONAL SECURITY STUDIES FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

Pursuant to Circuit Rule 34(a), the Center for National Security Studies ("the Center") respectfully moves the Court for leave to participate in oral argument in the above-captioned matter to address the alternative statutory grounds for affirmance of the District Court. The Center requests that it be allotted 10 minutes of argument time taken from neither party. The parties have indicated that they will oppose this motion.

In support of this motion, the Center states as follows:

1. The Center's participation in oral argument is warranted and would be beneficial to the Court. Whereas the parties and fellow *amici* urge the Court to address the far-reaching constitutional issues raised in this case, the Center has

presented narrower, statutory grounds on which this Court can resolve this matter. Among the briefs submitted to this Court by the parties and *amici*, only the Center's brief meaningfully addresses the indispensible question of whether the government's telephony metadata program ("the program") is authorized by statute. The Center's brief methodically describes why the program satisfies none of the key elements of Section 501 of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1861, *see* Br. of Amicus Curiae Ctr. for Nat'l Sec. Studies 7-21, and why Congress may not be deemed to have ratified the Government's and the FISA Court's secret interpretation of Section 501, *see id.* at 21-29. The government's brief makes no effort to address the merits of the Center's argument that the program violates Section 501, but rather contends that the Court is barred from considering the statutory issue altogether. In short, the Center's participation in oral argument is warranted because only the Center intends to put the merits of the statutory issue before the Court.

2.    If this Court determines that the program has not been statutorily authorized, ruling on the constitutional issues presented by the parties and fellow *amici* would be unnecessary and contrary to the Court's responsibility to avoid rendering advisory opinions on constitutional issues where alternative means of resolution are available. *See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 348 (1936) (Brandeis, J., concurring); *see also Thomas v. Crosby*, 371 F.3d

782, 802 (11th Cir. 2004) (reviewing a statutory issue *sua sponte* to avoid rendering an advisory opinion on a constitutional claim). By permitting the Center to participate in oral argument, the Court can ensure that it receives full presentation of the statutory issue, which the Court is compelled to decide under the doctrine of constitutional avoidance.

3. The parties fully briefed and argued the statutory issue before the District Court, and thus would not be prejudiced by the Court's decision to resolve this matter on statutory grounds. *See Teague v. Lane*, 489 U.S. 288, 300 (1989) (adopting a position raised by *amicus curiae* on appeal where the parties had provided briefing on the same issue for a different claim). Moreover, the Center is not seeking to expand or alter the relief sought by Plaintiffs. Rather, the Center is simply advocating that this Court affirm on alternative statutory grounds the District Court's holding that Plaintiffs have a substantial likelihood of success on the merits of their claim that the program is unlawful.

4. The question of whether Congress authorized the program is properly before this Court even though the parties have not raised that question in their briefing. As argued in the Center's amicus brief, *see* Br. of Amicus Curiae Ctr. Nat'l Sec. Studies 5 fn.2, this Court has ultimate authority to determine what issues it will consider in order to properly resolve the case before it. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved

for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases"). Courts of appeals may consider *sua sponte* issues not raised on appeal or not presented at any stage of the proceedings, particularly where doing so is necessary to avoid unnecessarily addressing a constitutional issue. *See, e.g., See United States v. Underwood*, 597 F.3d 661, 665 (5th Cir. 2010) (considering an issue not raised on appeal *sua sponte* was appropriate in order to avoid ruling on a more difficult constitutional issue, per *Ashwander*); *Thomas*, 371 F.3d at 802. Moreover, the Supreme Court has explicitly resolved important legal questions based on an issue raised only by *amicus curiae*. *See Teague*, 489 U.S. at 300; *Mapp v. Ohio*, 367 U.S. 643, 646 n.3 (1961).

5.  At several points in its reply brief, the government asserts that Congress has authorized the program. *See* Resp. and Reply for Gov't Appellants/Cross-Appellees 1, 21-22. Yet, the government contends that this Court is powerless to scrutinize that assertion and to determine for itself whether the program has in fact been congressionally authorized. *See id.* at 27-28. Although the government appears to concede that the Court may consider an issue *sua sponte* that has not been raised on appeal by the parties, it argues that the Court may not consider the statutory issue here because Plaintiffs withdrew their statutory claim from the case

entirely. *See id.* at 28.[1] But the government cites no authority in support of its contention that the court of appeals may not consider an issue withdrawn before the district court. To the contrary, courts of appeals have authority to consider issues never raised before the district court at all, as well as issues that were abandoned or waived before the district court. *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418-419 n.4 (2d Cir. 2001) (stating that the court of appeals has discretion to consider issues not reached by the district court "even if an argument that is pressed on appeal was abandoned or waived in the District Court."). It is especially important that the Court exercise that authority here to consider the antecedent question of whether the program is authorized by Section 501, in order to avoid ruling unnecessarily on the constitutional issues briefed by the parties.[2] *See Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 343 (1999) (quoting *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If

---

[1] The Government is referring to the Plaintiffs' decision to "streamlin[e]" their case by not pursuing their Administrative Procedure Act claim after the District Court, without considering its obligation under *Ashwander* to avoid an unnecessary constitutional decision, granted a preliminary injunction on constitutional grounds. *See* Br. of Amicus Curiae Ctr. for Nat'l Sec. Studies 5, fn.3.

[2] Additionally, the Court's authority to address and rely on the statutory argument is analogous to an exercise of supplemental jurisdiction. That doctrine provides that once a district court has jurisdiction over one claim, it may address all other claims that are so "related" that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

5

there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality … unless such adjudication is unavoidable.")).

6. In deciding whether to resolve the statutory issue, this Court should consider that the issue is being weighed presently by the Second Circuit in *ACLU v. Clapper*, No. 14-42. The issue of whether the program is authorized by statute was briefed by the parties in that case and was addressed extensively at oral argument.[3] If this Court declines to decide the statutory issue, the result could be a constitutional holding before this Court and a holding in the Second Circuit on the antecedent statutory issue, simply because only the plaintiffs in *ACLU v. Clapper* elected to pursue the statutory issue before the court of appeals. This would not only have the effect of reaching a constitutional issue unnecessarily, but would also deprive the Supreme Court, if the matter goes before that Court, of the judgment of more than one circuit on the important statutory issue that obviates the need for a constitutional decision.

7. As noted above, the government relies on Congress's supposed authorization of the program as evidence of the program's legality while insisting that the Court

---

[3] *See* Oral Argument, *ACLU v. Clapper*, No. 14-42 (2d Cir. Sept. 2, 2014), http://www.c-span.org/video/?321163-1/aclu-v-clapper-oral-argument-phone-record-surveillance. The Center has also submitted an amicus brief to the Ninth Circuit in *Smith v. Obama*, No. 14-35555, urging the court to decide that the program violates Section 501 even though the plaintiff declined to pursue her statutory claim on appeal.

is prohibited from hearing the statutory issue. Permitting the Center to participate in oral argument would allow the Court to hear a rebuttal to the government's position and a presentation of the merits of the Center's contention that the program violates Section 501.

Based on the foregoing, the Center respectfully requests that this Court grant this motion for leave to participate in oral argument.

Dated: September 26, 2014      Respectfully submitted,

| | |
|---|---|
| Michael Davidson, D.C. Bar No. 449007<br>3753 McKinley Street, NW<br>Washington, DC  20015<br>(202) 362-4885<br>mdavid2368@aol.com<br><br>*Of Counsel* | /s/  Paul M. Smith<br>Paul M. Smith, D.C. Bar No. 358870<br>Michael T. Borgia, D.C. Bar No. 1017737<br>Jenner & Block, LLP<br>1099 New York Avenue, NW, Suite 900<br>Washington, DC  20001<br>(202) 639-6000 (telephone)<br>(202) 639-6066 (fax)<br>psmith@jenner.com<br><br>Kate A. Martin, D.C. Bar No. 949115<br>Center for National Security Studies<br>1730 Pennsylvania Avenue., NW, Suite 700<br>Washington, D.C. 20006<br>(202) 721-5650 (telephone)<br>(202) 530- 0128 (fax)<br>kmartin@cnss.org<br><br>Joseph Onek, D.C. Bar No. 43611<br>The Raben Group<br>1640 Rhode Island Ave., NW, Suite 600<br>Washington, D.C. 20036<br>(202) 587-4942 (telephone)<br>(202) 463-4803 (fax)<br>jonek@rabengroup.com<br><br>*Counsel for Movant Center for National Security Studies* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2014, I caused the foregoing Motion of *Amicus Curiae* Center for National Security Studies for Leave to Participate in Oral Argument to be electronically filed via the Court's CM/ECF System, causing a true and correct copy to be served upon all counsel of record who are registered CM/ECF users.

/s/ Paul M. Smith
Paul M. Smith
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

*Counsel for the Center for National Security Studies*