[Oral Argument Scheduled for May 8, 2015]

# No. 14-5299

IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

**ABU WA'EL (JIHAD) DHIAB, Detainee, Guantánamo Bay Naval Station and Shaker Aamer, as Next Friend of Jihad Dhiab,**
*Petitioners-Appellees,*

*v.*

**BARACK H. OBAMA, President of the United States, et al.,**
*Respondents-Appellants,*

**HEARST CORPORATION, et al.,**
*Intervenors-Appellees.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CASE NO. 05-CV-1457 (GK)

———————————

## [CORRECTED]
## BRIEF FOR APPELLEE ABU WA'EL (JIHAD) DHIAB

———————————

**JON B. EISENBERG**
1970 BROADWAY, SUITE 1200
OAKLAND, CALIFORNIA 94612
(510) 452-2581 · FAX: (510) 452-3277

**REPRIEVE**
CLIVE STAFFORD SMITH
CORI CRIDER
ALKA PRADHAN
P. O. BOX 72054
LONDON EC3P 3BZ, UNITED KINGDOM
011 44 207 553 8140

**PUBLIC COUNSEL**
LISA R. JASKOL
610 S. ARDMORE AVENUE
LOS ANGELES, CALIFORNIA 90005
(213) 385-2977 · FAX: (213) 385-9089

**LEWIS BAACH PLLC**
ERIC L. LEWIS
ELIZABETH L. MARVIN
1899 PENNSYLVANIA AVENUE, NW, SUITE 600
WASHINGTON, DC 20006
(202) 833-8900 · FAX: (202) 466-5738

ATTORNEYS FOR PETITIONER—APPELLEE
**ABU WA'EL (JIHAD) DHIAB**

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), counsel for petitioner-appellee Abu Wa'el (Jihad) Dhiab certifies as follows:

## A.     Parties and Amici.

Abu Wa'el (Jihad) Dhiab was the petitioner in the district court and is one of the appellees in this Court. Shaker Aamer appeared as Next Friend of Dhiab.

Barack H. Obama, President of the United States, was the respondent in the district court and is the appellant in this Court, along with Chuck Hagel, then-Secretary, United States Department of Defense; Richard W. Butler, Rear Admiral, then-Commander, Joint Task Force-GTMO; and John Bogdan, Army Colonel, then-Commander, Joint Detention, Operations Group, JTF-GTMO.

Intervenors in the district court included: Hearst Corporation, Inc., ABC, Inc., Associated Press, Bloomberg L.P., CBS Broadcasting Inc., The Contently Foundation, Dow Jones & Company, Inc., First Look Media, Inc., Guardian US, The McClatchy Company, National Public Radio, The New York Times Company, Reuters America LLC, Tribune Publishing

Company, LLC, USA TODAY, and The Washington Post. They are appellees in this Court.

There were no *amici* in the district court.

## B.    Rulings Under Review.

Appellants purport to appeal from the district court's orders of October 3, 2014 (ECF No. 348) and October 9, 2014 (ECF No. 355) pertaining to public release of redacted versions of videotapes that have been filed with the district court under seal.

## C.    Related Cases.

This action was previously before this Court as one of four consolidated actions in *Aamer v. Obama*, 742 F.3d 1023 (D.C. Cir. 2014). More recently, petitioner filed an appeal to this Court (D.C. Cir. No. 14-5276) from an order denying a preliminary injunction, but that appeal has been dismissed as moot and the district court's opinion vacated. (ECF No. 1541256.)

April 1, 2015                    **JON B. EISENBERG**
                                 1970 Broadway, Suite 1200
                                 Oakland, CA 94612
                                 1 (510) 452-2581


                                 ___/s/_____
                                 Jon B. Eisenberg

**REPRIEVE**
Clive Stafford Smith
Cori Crider
Alka Pradhan
P.O. Box 72054
London EC3P 3BZ, United Kingdom
011 44 207 553 8140


/s/
Cori Crider


**PUBLIC COUNSEL**
Lisa R. Jaskol
610 S. Ardmore Avenue
Los Angeles, CA  90005
(213) 385-2977


/s/
Lisa R. Jaskol


**LEWIS BAACH PLLC**
Eric L. Lewis
Elizabeth L. Marvin
1899 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20006
(202) 833-8900


/s/
Eric L. Lewis

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ vi

GLOSSARY OF ABBREVIATIONS ......................................................... xi

INTRODUCTION ........................................................................................ 1

STATEMENT OF JURISDICTION .......................................................... 2

STATEMENT OF THE ISSUES .............................................................. 3

PERTINENT STATUTES AND REGULATIONS ................................... 3

STATEMENT OF THE CASE ................................................................. 3

STATEMENT OF FACTS ........................................................................ 5

SUMMARY OF ARGUMENT ................................................................. 8

STANDARD OF REVIEW ....................................................................... 9

ARGUMENT ............................................................................................. 9

I.    THE CHALLENGED ORDERS ARE NOT APPEALABLE
      UNDER THE COLLATERAL ORDER DOCTRINE. ..................... 9

II.   IF THIS COURT EXERCISES MANDAMUS JURISDICTION,
      THE GOVERNMENT MUST MEET A HEIGHTENED
      STANDARD OF REVIEW. ............................................................ 12

III.  BECAUSE OF THE CONSTITUTIONAL SEPARATION OF
      POWERS, THE DISTRICT COURT MAY ORDER PUBLIC
      RELEASE OF THE VIDEOTAPES PURSUANT TO THE
      COURT'S SUPERVISORY POWER OVER ITS OWN FILES ...... 14

IV.   THE VIDEOTAPES CAN BE EFFECTIVELY REDACTED ON
      REMAND ..................................................................................... 17

CONCLUSION ................................................................................. 18

CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE
REQUIREMENTS ............................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aamer v. Obama*,
  742 F.3d 1023 (D.C. Cir. 2014) ............................................................ 2

*Al Shimari v. CACI Int'l, Inc.*,
  679 F.3d 205 (4th Cir. 2012) .............................................................. 10

*\*Ameziane v. Obama*,
  699 F.3d 488 (D.C. Cir. 2012) ............................................................ 10

*Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of
  Homeland Sec.*,
  532 F.3d 860 (D.C. Cir. 2008) ............................................................ 18

*Cohen v. Beneficial Indus. Loan Corp.*,
  337 U.S. 541 (1949) ............................................................................ 10

*Crystal Grower's Corp. v. Dobbins*,
  616 F.2d 458 (10th Cir. 1980) ............................................................ 15

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
  511 U.S. 863 (1994) ............................................................................ 10

*Gambale v. Deutsche Bank AG*,
  377 F.3d 133 (2d Cir. 2004) ................................................................ 15

*\*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988) ................................................................. 9, 10, 13

*In the Matter of the Sealed Affidavit(s) To Search Warrants
  Executed On February 14, 1979*,
  600 F.2d 1256 (9th Cir. 1979) ............................................................ 15

---

*Authorities upon which we chiefly rely are marked with an asterisk.

*In re Kellogg Brown & Root, Inc.,
   756 F.3d 754 (D.C. Cir. 2014) ........................................................ 9, 13

In re Motion for Release of Court Records,
   526 F. Supp. 2d 484 (FISA Ct. 2007).................................................. 15

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,
   460 U.S. 1 (1983)........................................................................ 10, 11

Nat'l Auto. Dealers Ass'n v. F.T.C.,
   670 F.3d 268 (D.C. Cir. 2012) ............................................................ 12

*Nixon v. Warner Commc'ns, Inc.,
   435 U.S. 589 (1978)........................................................................ 15

Obaydullah v. Obama,
   609 F.3d 444 (D.C. Cir. 2010) ............................................................ 10

Pan E. Exploration Co. v. Hufo Oils,
   798 F.2d 837 (5th Cir. 1986) .............................................................. 10

Roche v. Evaporated Milk Ass'n,
   319 U.S. 21 (1943) .......................................................................... 13

United States v. Barry,
   961 F.2d 260 (D.C. Cir. 1992) ............................................................ 13

United States v. Pollard,
   416 F.3d 48 (D.C. Cir. 2005) ............................................................. 15

## Statutes

28 U.S.C. § 2241 .................................................................................. 2

## Rules

Federal Rules of Appellate Procedure Rule 28(i) ..................................... 2

## Regulations

Executive Order Number 13,526, 75 Fed. Reg. 707
   (Dec. 29, 2009)................................................................................ 14

## Miscellanous

P. Stephen Gidiere III, The Federal Information Manual 94
    (2d ed. 2013) ........................................................................ 16

## GLOSSARY OF ABBREVIATIONS

App.......................................................... Public, Unclassified Appendix

FCE.......................................................... Forcible Cell Extraction

## INTRODUCTION

Petitioner-appellee Abu Wa'el (Jihad) Dhiab was a hunger-striking Guantánamo Bay detainee who was force-fed until his release to Uruguay in December 2014. During the course of litigation challenging abusive force-feeding practices, the district court issued two interlocutory orders pertaining to secret videotapes of the process. Those orders require public disclosure of the videotapes, but only after (1) they have been redacted as necessary to protect national security and (2) the district court has issued an order approving a proposal for their release. Until the district court issues that order, the videotapes remain under seal.

The Government purports to appeal the two interlocutory orders under the collateral order doctrine. That doctrine cannot apply here, however, because the orders are not the district court's final word on the subject of the videotapes. It remains for the Government to redact the videotapes and for the district court to issue a subsequent order for public release of the redacted videotapes upon approval of a proposal for release. Only that future order will be appealable under the collateral order doctrine. Thus, the Court should dismiss this appeal for lack of appellate jurisdiction.

1

If, as the Government alternatively requests, this Court decides to review the challenged orders upon an exercise of mandamus jurisdiction, the Court should deny mandamus relief.  On review by mandamus, the Government must meet a heightened standard of review by showing that the district court either exceeded its jurisdiction or had a duty to keep the entirety of the videotapes under seal.  The Government has failed to meet this heightened standard, due to the constitutional separation of powers (as well as for the reasons set forth in the Press-Intervenors' brief),[1] pursuant to which the district court has exclusive supervisory power over its own files—which include the videotapes.

## STATEMENT OF JURISDICTION

The district court exercised habeas jurisdiction pursuant to 28 U.S.C. § 2241.  *See Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014).  The Government filed a notice of appeal specifying two interlocutory orders. (App. 261.)  Dhiab contends this court lacks appellate jurisdiction.  The

---

[1] On January 26, 2015, this Court ordered that the combined word count of separate briefs for Dhiab and the Press-Intervenors shall not exceed 14,000 words.  (ECF No. 1534192 at 1.)  Dhiab and the Press-Intervenors have thus endeavored to address separate points.  Dhiab adopts by reference all of the Press-Intervenors' brief.  *See* Fed. R. App. P. 28(i).

Government alternatively requests this Court to exercise mandamus jurisdiction.

## STATEMENT OF THE ISSUES

1.    Whether this Court has appellate jurisdiction under the collateral order doctrine.

2.    Whether this Court should exercise mandamus jurisdiction.

3.    Whether the district court had authority to order the public disclosure of classified videotapes with redactions as necessary to protect national security.

## PERTINENT STATUTES AND REGULATIONS

No statutes or regulations are pertinent to the resolution of this appeal.

## STATEMENT OF THE CASE

This case is an outgrowth of *Aamer v. Obama*—a consolidated appeal by multiple parties including Dhiab—in which this Court pronounced habeas jurisdiction to adjudicate challenges to conditions of confinement at Guantánamo Bay.  On remand, in an opinion dated November 7, 2014, the district court denied Dhiab's application for a preliminary injunction

addressing the conditions of his force-feeding.  (ECF No. 366 at 19.)  Dhiab

appealed, but in December 2014 he was released to Uruguay, thus mooting

his appeal.  (App. 263; ECF No. 1541256 (order vacating district court's

opinion).)

During the course of the litigation on remand, Dhiab's counsel

discovered the existence of dozens of videotapes—classified "SECRET"—

which graphically depict Dhiab's forcible cell extractions (FCEs) and force-

feedings and the suffering he endured.  The district court ordered the

Government to disclose thirty-two of those videotapes to Dhiab's counsel,

who then filed the videotapes with the district court under seal.

On June 20, 2014, the Press-Intervenors moved to intervene, seeking

an order unsealing the videotapes.  (App. 159.)  On October 3, 2014, the

district court issued an order permitting intervention and granting the

motion to unseal, "with the following modifications:  [1] all identifiers of

individuals in the videotapes (i.e., faces other than Mr. Dhiab's, voices,

names etc.) shall be redacted; [2] counsel shall work cooperatively, as they

have throughout this litigation, to ensure that all necessary redactions of

the videotapes shall be made so that they may then be entered on the

public docket; [3] the videotapes shall remain sealed until all such redactions are made." (App. 197.)

On October 9, 2014, the district court issued a further order on the subject of the videotapes, stating as follows: (1) "on or before Friday, October 17, 2014, the Government shall complete the previously ordered redactions," (2) "on or before Monday, October 20, 2014, Press Applicants and the Government shall submit a Joint Proposal regarding how the videotapes can be made available to the public most efficiently," and (3) "the videotapes shall remain under seal until the Court has approved the Joint Proposal." (App. 227.)

On October 15, 2014, the Government filed a notice of appeal specifying the orders of October 3, 2014 and October 9, 2014. (App. 261.) On December 3, 2014, the district court extended a preexisting stay of the orders "until such time as [the Government's] appeal of those orders is finally resolved." (ECF No. 378.)

## STATEMENT OF FACTS

At an evidentiary hearing on the application for a preliminary injunction, Dhiab demonstrated the following:

● The Government ordered Dhiab's force-feeding even though no available data indicated his life was at imminent risk from malnutrition. (Pet. Ex. PX0027 at 10.)

● The most recent ongoing force-feeding order was based on an inaccurate accounting of Dhiab's previous usual weight. (Resp. Ex. 1 at 618, 630; Resp. Ex. 35; Resp. Ex. 36.)

● Dhiab, who is disabled, was routinely subjected to painful FCEs (violent interventions by teams of heavily-armored guards who rushed his cell, trussed him under full restraint, and carried his immobilized body away for force-feeding), despite his repeated pleas to be allowed the use of a wheelchair or crutches so that he could attend his force-feedings compliantly. (Pet. Ex. PX0050 at 2, 237, 250, 256, 290, 416, 542, 789, 817.) Although he had previously been allowed to use a wheelchair and crutches, he was denied their use to ambulate from his cell to the venue for the force-feedings until shortly before his evidentiary hearing. (Resp. Ex. 33A at ¶ 4; ECF No. 366 at 20.)

● Medical personnel routinely lubricated Dhiab's feeding tubes with olive oil—in contravention of standard medical practice—which

subjected him to the risk of a rare and untreatable form of pneumonia. (Pet. Ex. PX0019; Tr. 10/7/14 at 45-47.)[2]

●    Dhiab's force-feeding was routinely performed by strapping him into a five-point restraint chair which caused him substantial pain, in disregard of a medical staff recommendation for the less-painful use of a one-point restraint.  (Pet. Ex. PX0050 at 2, 250.)

●    Medical personnel routinely subjected Dhiab to twice-daily feeding tube insertions—instead of following the standard medical practice of leaving a feeding tube in place for up to four weeks—which caused him needless pain.  (Pet. Ex. PX0025 ¶ 3(d); Pet. Ex. PX0029-0032; Tr. 10/6/14 at 61, Tr. 10/7/14 at 50; Resp. Exs. 28, 29.)

In its now-vacated opinion denying a preliminary injunction, the district court expressed dismay at Dhiab's mistreatment. (ECF No. 366 at 20.)

---

[2]   Although the Government ceased this practice in mid-2014 after one of Dhiab's expert witnesses warned of its risks, the Government refused to stipulate that the practice would not resume once this litigation ended. (ECF No. 301 at 4-5, 19-20.)

## SUMMARY OF ARGUMENT

1.    This Court lacks appellate jurisdiction under the collateral order doctrine because the two challenged orders are not the district court's final word on the subject of the videotapes and thus do not conclusively determine the disputed question.   The Government's purported appeal must therefore be dismissed.

2.    If this Court exercises mandamus jurisdiction, the Government must meet a heightened standard of review, which requires a showing of a clear and indisputable right to the writ.   To meet this standard, the Government must establish that the district court either exceeded its jurisdiction in issuing the challenged orders or has a duty to maintain the entirety of the videotapes under seal.

3.    The district court has authority to order public disclosure of the videotapes—with necessary redactions to protect national security— because of the constitutional separation of powers.   The videotapes having been filed with the district court, that court has exclusive authority, pursuant to its supervisory power over its own files, to decide whether and the extent to which the videotapes should remain under seal.

8

## STANDARD OF REVIEW

On review by mandamus (the only possible basis for this Court's exercise of jurisdiction), the Government must show that its "right to the issuance of the writ is 'clear and indisputable.'" *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 762 (D.C. Cir. 2014).  Mandamus lies to confine the district court to a lawful exercise of its jurisdiction or to compel performance of a duty to act. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988).

## ARGUMENT

## I.   THE CHALLENGED ORDERS ARE NOT APPEALABLE UNDER THE COLLATERAL ORDER DOCTRINE.

This appeal is premature and should be dismissed for lack of appellate jurisdiction.[3]

The Government's theory of appellate jurisdiction is that the challenged orders are appealable under the collateral order doctrine.  *See*

---

[3]   Dhiab previously filed a motion in this Court to dismiss the appeal.  On January 26, 2015, a motions panel ordered that the dismissal motion "be referred to the merits panel to which this appeal is assigned" and directed the parties "to address in their briefs the issues presented in the motion to dismiss rather than incorporate those arguments by reference."  (ECF No. 1534192 at 1.)

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). That doctrine, however, applies only where an interlocutory order "conclusively determines the disputed question." *Ameziane v. Obama*, 699 F.3d 488, 493 (D.C. Cir. 2012). To be considered conclusive, the order "must be 'the final word on the subject addressed.'" *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 220 (4th Cir. 2012); *see Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n.14 (1983). The order must contemplate "that the decision will close the matter for all time." *Gulfstream*, 485 U.S. at 278.

This strict requirement is consistent with the character of the collateral order doctrine as a "'narrow' exception [which] should stay that way and never be allowed to swallow the general rule" against interlocutory appellate review. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). The doctrine "is 'extraordinarily limited' in its application." *Pan E. Exploration Co. v. Hufo Oils*, 798 F.2d 837, 839 (5th Cir. 1986). "The federal courts of appeal have consistently been charged with keeping a tight rein on the types of orders suitable for appeal consistent with *Cohen*." *Al Shimari,* 679 F.3d at 213.[4]

---

[4] The Government cites *Obaydullah v. Obama*, 609 F.3d 444, 447 (D.C. Cir. 2010), for the proposition that the determination whether an order is
(continued...)

The order of October 3, 2014—requiring redaction of the videotapes for public release as redacted—was not the district court's final word on the subject of the videotapes. The district court issued further word just six days later.

Nor is the order of October 9, 2014, the district court's final word on the subject. That order prescribes two steps to be taken before any public release. First, "the Government shall complete the previously ordered redactions." (App. 227.) Second, "the Government shall submit a Joint Proposal regarding how the videotapes can be made available to the public most efficiently." (*Id.*) (To date, the Government has done neither.) In the meantime, "the videotapes shall remain under seal until the Court has approved the Joint Proposal." (*Id.*)

The district court's final word on the subject of the videotapes will come in a *future* order, at some as-yet unspecified date, authorizing public release of the redacted videotapes pursuant to an approved proposal.

---

(...continued)
"conclusive" within the meaning of the collateral order doctrine turns on whether the ruling "was in any way tentative or subject to reconsideration." (Br. of Appellants at 32.) *Obaydullah*, however, cited *Moses H. Cone Memorial Hospital*, 460 U.S. at 12-13, which explains the test as being whether the order "will be the final word on the subject addressed." *Id.* at 12 n.14.

The Government contends immediate appellate review is essential to prevent disclosure of the videotapes and consequent mootness of the issues the Government wishes to raise on appeal. (Br. of Appellants at 30.) Not so. The district court's order keeps the videotapes under seal until the court issues an order for their disclosure pursuant to an approved proposal. Once the district court issues that order, the Government can prevent mootness by commencing an appeal from *that* order and seeking an immediate stay of disclosure during the pendency of *that* appeal.

The Government also contends "there is little point" in dismissing this appeal "when Dhiab concedes that an appeal could be taken as soon as the district court issues a subsequent order regarding the joint proposal." (Br. of Appellants at 33.) But appellate jurisdiction is hardly a "little point." It is essential to the court's power to adjudicate. Without it, a purported appeal "must" be dismissed. *Nat'l Auto. Dealers Ass'n v. F.T.C.*, 670 F.3d 268, 272 (D.C. Cir. 2012).

## II.  IF THIS COURT EXERCISES MANDAMUS JURISDICTION, THE GOVERNMENT MUST MEET A HEIGHTENED STANDARD OF REVIEW.

Evidently recognizing the jurisdictional flaw in this purported appeal, the Government asks this Court to exercise mandamus jurisdiction

to review the challenged orders, arguing that "[a]bsent a right to a collateral order appeal, mandamus is the only remedy to prevent unauthorized disclosure" of the videotapes. (Br. of Appellants at 35.) Again, not so. The videotapes will remain under seal until the district court issues an order for their disclosure pursuant to an approved proposal for release—and once that happens, the government can forestall disclosure by commencing an appeal from that order and seeking an immediate stay of disclosure during the appeal's pendency. Mandamus is *not* the only available remedy here.

If, however, this Court elects to proceed in mandamus, the writ "may not appropriately be used as a substitute for" the appeal process. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). Rather, a "heightened" standard of review will apply. *United States v. Barry*, 961 F.2d 260, 262 (D.C. Cir. 1992). "[A] mandamus petitioner must show that his right to the issuance of the writ is 'clear and indisputable.'" *Kellogg*, 756 F.3d at 762. "The federal courts traditionally have used the writ only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Gulfstream*, 485 U.S. at 289 (quoting *Roche*, 319 U.S. at 26).

13

Accordingly, to prevail on traditional mandamus review, the Government must show that the district court either exceeded its jurisdiction in issuing the challenged orders or has a duty to maintain the entirety of the videotapes under seal. Neither is true here, due to the constitutional separation of powers.

## III. BECAUSE OF THE CONSTITUTIONAL SEPARATION OF POWERS, THE DISTRICT COURT MAY ORDER PUBLIC RELEASE OF THE VIDEOTAPES PURSUANT TO THE COURT'S SUPERVISORY POWER OVER ITS OWN FILES.

Citing Executive Order Number 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009), which governs the Executive Branch's classification of national security information, the Government contends its blanket "SECRET" classification of the videotapes is binding on the Judicial Branch and precludes their unsealing. (Br. of Appellants at 2, 24-25, 40, 44, 46-49.) The district court rejected that argument, explaining that it "would displace the Court's power to seal its own record, putting that authority in the Government's hands alone," and that "although the Executive has the sole authority to determine what information is properly classified for its purposes, only the judiciary has the discretion to seal or unseal a judicial record." (App. 211.)

14

The district court was right—because of the constitutional separation of powers, pursuant to which "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "So long as they remain under the aegis of the court, they are superintended by judges who have dominion over the court." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004); *see also In re Motion for Release of Court Records*, 526 F. Supp. 2d 484, 486 (FISA Ct. 2007) (Foreign Intelligence Surveillance Court may determine whether and the extent to which to provide access to its records). This supervisory power of the courts is "an incident of their constitutional function." *In the Matter of the Sealed Affidavit(s) To Search Warrants Executed On February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979); *see also United States v. Pollard*, 416 F.3d 48, 58-59 (D.C. Cir. 2005) (Rogers, J., concurring and dissenting) (observing, in case where majority held district court lacked subject-matter jurisdiction, that with jurisdiction the district court could properly adjudicate counsel's "need to know" information in classified documents because the documents had been "filed with the district court," which thus had "continuing control over them" by virtue of the court's supervisory power over its own files); *Crystal Grower's Corp. v. Dobbins*,

616 F.2d 458, 461 n.1 (10th Cir. 1980) ("There are no statutes or rules that would seem to limit or preclude the exercise of this power.").

Thus, control over the classified filings in this case—including the videotapes—is a Judicial Branch power upon which the Executive Branch cannot intrude by operation of executive orders. "Because of the separation of powers doctrine and the need for an independent judiciary, the requirements in executive orders and agency regulations relating to access, storage, handling, and transmission of classified information do not apply to the federal judiciary." P. Stephen Gidiere III, The Federal Information Manual 94 (2d ed. 2013); *see, e.g., id.* at 95 (jurors not required to undergo background checks or obtain security clearances when classified evidence is introduced at trial).

The Government cannot meet the heightened standard of mandamus review, because the district court neither exceeded its jurisdiction over the videotapes nor has a duty to keep them entirely under seal. Rather, as a function of the constitutional separation of powers, the district court retains supervisory power over videotapes filed with the court and may order their unsealing with redactions as necessary to protect national security. Neither the district court nor this Court is beholden to the

16

Executive Branch to keep these videotapes wholly secret from the American public.

## IV.   THE VIDEOTAPES CAN BE EFFECTIVELY REDACTED ON REMAND.

If this Court determines on mandamus review that the challenged orders constitute a lawful exercise of jurisdiction, it will remain, on remand to the district court, for the Government to redact the videotapes so as to prevent any harm to national security upon public release.  That can easily be done.  Many portions of the videotapes can safely be released untouched.  Other portions need only be partially redacted to conceal identities of Guantánamo Bay personnel, physical aspects of the prison, or aspects of the FCE and force-feeding procedures that are not yet publicly known.[5]

---

[5]   The Government asserts that the district court's order of October 3, 2014 allows "*only* limited redactions to the videos to protect the identities of individuals other than Dhiab."  (Br. of Appellants at 14 (emphasis added).)  Not so.  The order does not purport to preclude other appropriate redactions.   Indeed, the district court's accompanying memorandum opinion makes clear that other "appropriate audio and visual edits" will be permitted, given the opinion's use of the phrase "for example" before mentioning specific types of redactions such as "blacking-out written materials on walls" and "screening" the identities of individuals.  (App. 226.)

Here are just a few examples of images that can be safely disclosed, either untouched or with only the following limited redactions:

**[SEE PORTION OF THIS BRIEF FILED UNDER SEAL]**

Once the district court resolves any disputes that might arise over the extent of necessary redactions and approves a proposal for release, this Court can, on any subsequent appeal, review the adequacy of the redactions to protect national security. Such approach is consistent with a fundamental reason why appellate courts defer review until rendition of a final decision—to enable the district court to "'sharpen and narrow the legal issues that must eventually be decided by an appellate court.'" *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 532 F.3d 860, 868 (D.C. Cir. 2008).

## CONCLUSION

For the foregoing reasons, and for those set forth in the Press-Intervenors' brief, this Court should (1) dismiss this appeal for lack of appellate jurisdiction, and (2) if the Court conducts mandamus review, deny mandamus relief.

April 1, 2015

**JON B. EISENBERG**
1970 Broadway, Suite 1200
Oakland, CA 94612
1 (510) 452-2581

/s/
Jon B. Eisenberg

**REPRIEVE**
Clive Stafford Smith
Cori Crider
Alka Pradhan
P.O. Box 72054, London EC3P 3BZ
United Kingdom
011 44 207 553 8140

/s/
Cori Crider

**PUBLIC COUNSEL**
Lisa R. Jaskol
610 S. Ardmore Avenue
Los Angeles, CA  90005
(213) 385-2977

/s/
Lisa R. Jaskol

**LEWIS BAACH PLLC**
Eric L. Lewis
Elizabeth L. Marvin
1899 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20006
(202) 833-8900

/s/
Eric L. Lewis

19

## CERTIFICATION OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS,
## AND TYPE STYLE REQUIREMENTS
## [FED R. APP. P. 32(a)(7)(C)]

1.    This brief complies with the type-volume limitation of Fed. R. App.
      P. 32(a)(7)(B) because it contains 3,798 words, excluding the parts of
      the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
      32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)
      because it has been prepared in a proportionally spaced typeface
      using MS-Word in 14-point font type.


April 1, 2015                    /s/ _____
                                Jon B. Eisenberg

20

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2015, I electronically filed the foregoing **[CORRECTED] BRIEF FOR APPELLEE ABU WA'EL (JIHAD) DHIAB** with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature: <u>s/ Millie Cowley</u>