[Not Currently Scheduled For A Hearing]

## UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| NATIONAL SECURITY COUNSELORS, INC., | * * * | |
| Appellant, | * * | |
| v. | * * | Case No. 14-5171 |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | * * * | |
| Appellees. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **APPELLANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE EXCESS WORDS IN VIOLATION OF LOCAL RULE 32**

The Appellant National Security Counselors, Inc. ("NSC"), by and through the undersigned, respectfully submits this reply in support of its Motion for Leave to File Excess Words in Violation of Local Rule 32 ("NSC Motion"). Document No. 1546970.

The Appellees, the Central Intelligence Agency and Department of Defense, submitted a response ("Appellees' Response") to NSC's Motion on April 14, 2015. Document No. 1547321. In their response, the Appellees took no position with respect to whether this Court should grant NSC's Motion. Id. at 1. The Appellees did, however, choose to detail arguments suggesting that NSC's

Motion was both untimely and unwarranted under Local Rule 28. Id. at 2-4. NSC has no desire to consume this Court's finite resources with a lengthy reply brief. However, given the nature of the Appellees' commentary, NSC is nonetheless providing this reply to concisely clarify the issues raised by the Appellees.

NSC admits that it did not specifically cite Local Rule 28(e)(1), concerning "extraordinarily compelling reasons" for granting a motion to exceed limits on the length of briefs, or Local Rule 28(e)(2), regarding timeframes for filing a motion under Local Rule 28(e)(1). With all due respect, the Appellees are yet again elevating form over function. Both Local Rules were clearly considered and addressed, at least implicitly (if not explicitly), by NSC. See NSC Motion at 1 ("The undersigned respectfully apologize for the last minute nature of this Motion…"); id. at 2 ("NSC has compelling reasons for requesting this relief."); id. at 3 ("According, and *with a dose of humility*…")(emphasis added). NSC, through its undersigned counsel, was very clear in the fact that it was falling on its proverbial sword and requesting that this Court exercise its discretionary authority to permit the filing of NSC's brief in violation of Local Rule 32.

Furthermore, the Appellees' understandable skepticism notwithstanding, see Appellees' Response at 2-3, NSC stands by its assertion that it was not until the end of the finalization process that it became apparent that the reply brief simply could not comply with Local Rule 32. What the Appellees do not know – and NSC

2

concedes that this is because it was never stated in NSC's Motion[1] – is that leading up to NSC's deadline both of the undersigned had been working to refine the reply brief so that the word count would comply with Local Rule 32. Indeed, the undersigned had managed to reduce the reply brief to within a few hundred words of the limit set forth in Local Rule 32. However, seeing no viable means of cutting down the brief even further without jeopardizing its completeness more than had already been done, the decision was made to file NSC's Motion and to consequently re-insert language into the reply brief that had originally been cut in the attempt to comply with Local Rule 32.

On a final note, and in what NSC respectfully would suggest was an attempt by the Appellees to turn its response into a quasi-sur-reply, the Appellees contend that NSC's waiver argument with respect to the Appellees' "*alter ego*" analysis is "manifestly wrong" and that the words consumed by that argument were "wasted." See Appellees' Response at 3-4. The Appellees' bold claim is far too definitive and seems to ignore that the devil is in the proverbial details. Ironically, the explanation that NSC must now provide below would otherwise have had to be included in its reply brief which, of course, already contained more words than permitted by Local Rule 32.

---

[1] The undersigned did not reasonably anticipate that the Appellees' response would critique this level of detail regarding the construction of NSC's reply brief.

3

Both the Supreme Court and the D.C. Circuit have addressed this issue over the years.

> In other words, *the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary*, whether what he seeks is to correct an error *or to supplement the decree with respect to a matter not dealt with below*. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.

United States v. Am. Ry. Express Co., 265 U.S. 425, 435 (1924)(emphasis added).

> An appellate court, therefore, will freely consider any argument by an appellee that supports the judgment of the district court including arguments rejected by the district court and even arguments contradicting the logic of the district court. *Only when an appellee attempts to overturn or modify a district court's judgment must the appellee file a cross-appeal.*

Freeman v. B & B Associates, 790 F.2d 145, 151 (D.C. Cir. 1986)(emphasis added).

The Appellees are correct in noting that they may defend the District Court ruling "on any ground which the law *and the record* permit." See Smith v. Phillips, 455 U.S. 209, 215 n.6 (1982)(emphasis added). An appellate court may affirm a lower court ruling on any ground supported by the record, even if it differs from the theory applied by the district court, "*provided that the opposing party has had a fair opportunity to dispute the facts material to that ground.*" See Queen v. Schultz, 747 F.3d 879, 884 (D.C. Cir. 2014)(emphasis added)(internal

4

quotation omitted)(quoting Washburn v. Lavoie, 437 F.3d 84, 89 (D.C. Cir. 2006)). However, when attention has been focused on other issues, or when the court from which a case comes has expressed no views on a controlling question, it may be appropriate the remand the case rather than deal with the merits of that question in this Court. See Dandridge v. Williams, 397 U.S. 471, 476 n.6 (1970); see also Mass. Mut. Ins. Co. v. Ludwig, 426 U.S. 479, 481 (1976)("Because the Court of Appeals did not reach the issue nor express any opinion on the effect of the [legal issues not raised], we think it appropriate to remand the case rather than deal with the merits of that question in this Court.")(quoting Dandridge, 397 U.S. at 476 n.6)(internal citation and quotation omitted)). Cf. Triti Parsi v. Daioleslam, 778 F.3d 116, 126 (D.C. Cir. 2015)(declining appellee's "invitation to consider other bases of authority" where district court "expressly anchored its sanctions in two sources of judicial power")(citing Manion v. American Airlines, 395 F.3d 428, 431-432 (D.C. Cir. 2004).

With all due respect, even this cursory explanation of the case law on the subject nullifies the Appellees' claim that NSC's waiver argument was "manifestly wrong". First, as NSC explained in detail in its reply brief, see Document No. 1547116 at 16-22, the District Court record is devoid of any explanation from the Appellees supporting the second prong of the "*alter ego*" analysis. Second, the only information introduced by the Appellees in their brief regarding the second

5

prong consisted of a single self-serving statement that permitting NSC to recover attorneys' fees in this litigation would frustrate statutory policy. See Document No. 1542605 at 38. Needless to say, this scant amount of information is insufficient to constitute a factual record that would support the "*alter ego*" analysis, let alone that would enable NSC to have a fair opportunity to dispute the matter on a factual level.

Indeed, at most, the claims in the Appellees' Response arguably justify a decision by this Court to remand this matter back to the District Court in order to further develop the legal and factual record regarding the "*alter ego*" analysis. What the claims do not do by any reasonable stretch of the imagination is demonstrate that NSC's waiver argument was manifestly wrong.

In light of the entirety of the information provided above, NSC respectfully requests that this Court grant NSC's Motion.

Date:  April 15, 2015

                                      Respectfully submitted,

                                            /s/
                                    _____
                                    Bradley P. Moss
                                    D.C. Bar #975905
                                    Kelly B. McClanahan, Esq.
                                    D.C. Bar #984704
                                    National Security Counselors
                                    1200 South Courthouse Road, Ste. 124
                                    Arlington, VA  22204
                                    301-728-5908
                                    240-681-2189 fax
                                    Brad@NationalSecurityLaw.org
                                    Kel@NationalSecurityLaw.org

                                    *Attorneys for Appellant*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2015, I served the foregoing "**Appellant's Reply in Support of Motion for Leave to File Excess Words In Violation of Local Rule 32**" upon the United States Court of Appeals for the D.C. Circuit and Government counsel via ECF.

/s/
_____
Bradley P. Moss