# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| COALITION FOR RESPONSIBLE REGULATION, INC., ET AL.,<br>Petitioners,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>Respondent. | **No. 09-1322**<br>(consolidated with Nos. 10-1024, 10-1025, 10-1026, 10-1030, 10-1035, 10-1036, 10-1037, 10-1038, 10-1039, 10-1040, 10-1041, 10-1042, 10-1044, 10-1045, 10-1046, 10-1234, 10-1235, 10-1239, 10-1245, 10-1281, 10-1310, 10-1318, 10-1319, 10-1320, and 10-1321)<br><br>**COMPLEX** |
| COALITION FOR RESPONSIBLE REGULATION, INC., ET AL.,<br>Petitioners,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>Respondent. | **No. 10-1073**<br>(consolidated with Nos. 10-1083, 10-1099, 10-1109, 10-1110, 10-1114, 10-1118, 10-1119, 10-1120, 10-1122, 10-1123, 10-1124, 10-1125, 10-1126, 10-1127, 10-1128, 10-1129, 10-1131, 10-1132, 10-1145, 10-1147, 10-1148, 10-1199, 10-1200, 10-1201, 10-1202, 10-1203, 10-1206, 10-1207, 10-1208, 10-1210, 10-1211, 10-1212, 10-1213, 10-1216, 10-1218, 10-1219, 10-1220, 10-1221, and 10-1222)<br><br>**COMPLEX** |

| | |
|---|---|
| COALITION FOR RESPONSIBLE REGULATION, INC., ET AL., Petitioners, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, Respondent. | **No. 10-1092** <br> (consolidated with Nos. 10-1094, 10-1134 10-1143, 10-1144, 10-1152, 10-1156, 10-1158, 10-1159, 10-1160, 10-1161, 10-1162, 10-1163, 10-1164, 10-1166, and 10-1182) <br><br> **COMPLEX** |

## PETITION FOR REHEARING AND REHEARING EN BANC

Eric Groten
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
(512) 524-8709
egroten@velaw.com
*Counsel for Petitioners in Case Nos.
09-1322, 10-1073, 10-1092, 10-1132*

Richard P. Hutchinson
LANDMARK LEGAL FOUNDATION
3100 Broadway, Suite 1210
Kansas City, MO 64111
(816)-931-5559
pete@landmarklegal.org
*Counsel for Petitioners in Case Nos.
10-1152, 10-1208*

Sam Kazman
Hans Bader
COMPETITIVE ENTERPRISE
INSTITUTE
1899 L Street, NW, 12th Floor
Washington, DC 20036
(202) 331-2265
*Co-Counsel for Petitioners in Case Nos.
10-1045, 10-1143, 10-1318*

Shannon L. Goessling
SOUTHEASTERN LEGAL FOUNDATION, INC.
2255 Sewell Mill Road, Suite 320
Marietta, GA 30062
(770) 977-2131
shannon@southeasternlegal.org
*Counsel for Petitioners in Case Nos.
10-1035, 10-1045, 10-1083, 10-1094, 10-
1131, 10-1143, 10-1318*

Edward A. Kazmarek
Douglas E. Cloud
C. Max Zygmont
KAZMAREK MOWREY CLOUD LASETER LLP
1230 Peachtree Street, NE, Suite 3600
Atlanta, GA 30309
(404) 812-0840
skazmarek@kmclaw.com
*Co-Counsel for Petitioners in Case Nos.
10-1035, 10-1045, 10-1083, 10-1094, 10-
1131, 10-1143, 10-1318*

# **Table of Contents**

Table of Contents.................................................................................... iii

Table of Authorities................................................................................. iv

Table of Abbreviations............................................................................. vi

Introduction and Rule 35 Statement....................................................... 1

Background............................................................................................... 2

Argument and Citation of Authority ...................................................... 4

I.    The Amended Judgment conflicts with *UARG*.................................... 4

     A.    The Amended Judgment does not declare the GHG BACT Rules invalid, which is inconsistent with the holding in *UARG*......................... 4

     B.    Remanding the GHG BACT Rules without vacatur conflicts with this Circuit's precedent on when such a remedy may be appropriate............. 9

II. The invalid GHG BACT Rules involve a question of exceptional importance. ......................................................................................... 11

Conclusion and Requested Relief........................................................... 13

Addendum: Panel Amended Judgment............................................... Add-1

Addendum: Certificate of Parties...................................................... Add-5

Addendum: Corporate Disclosure Statement.................................... Add-19

Addendum: Certificate of Service .................................................... Add-27

# Table of Authorities

## Cases

*Akiachak Native Cmty. v. Jewell*, 995 F. Supp. 2d 1 (D.D.C. 2013) .................................... 12

*Ala. Power Co. v. Costle*, 636 F.2d 323 (D.C. Cir. 1979) ......................................................... 6

*Allied-Signal, Inc. v. Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993) ......... 1, 2, 9

*Allina Health Servs. v. Sebelius*, 746 F.3d 1102 (D.C. Cir. 2014) ........................................... 9

*Coalition for Responsible Regulation, Inc. v. EPA*, 684 F.3d 102 (2012) ................................. 2

*Coalition for Responsible Regulation, Inc. v. EPA*, No. 09-1322 *et al.*, 2012 U.S. App. LEXIS 25997 (D.C. Cir. Dec. 20, 2012) ...................................................................... 11

*Fertilizer Inst. v. EPA*, 935 F.2d 1303 (D.C. Cir. 1991) ......................................................... 12

*Indep. U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847 (D.C. Cir. 1987) ......................... 10

*LaShawn A. v. Barry*, 87 F.3d 1389 (D.C. Cir. 1996) ......................................................... 9, 12

*Mass. v. Nuclear Regulatory Com.*, 924 F.2d 311 (D.C. Cir. 1991) ......................................... 9

*NRDC v. EPA*, 571 F.3d 1245 (D.C. Cir. 2009) ..................................................................... 9

*Portland Cement Ass'n v. EPA*, 665 F.3d 177 (D.C. Cir. 2011) ........................................... 11

*Sibbald v. United States*, 37 U.S. 488 (1838) ..................................................................... 9, 12

*Utility Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014) .......................................passim

## Statutes

42 U.S.C. § 7607 .............................................................................................................. 10, 12

5 U.S.C. § 551.................................................................................................................... 10

5 U.S.C. § 706.................................................................................................................... 12

## Rules

FRAP 35(b) .......................................................................................................................... 1

FRAP 41 ............................................................................................................... 4

### Regulations

40 C.F.R. § 51.166 ........................................................................... 1, 6, 7

40 C.F.R. § 52.21 ............................................................................. 1, 6, 7

## Table of Abbreviations

| | |
|---|---|
| Amended Judgment | This Panel's Amended Judgment in the above-styled cases (Doc. 1546840) |
| Anyway Sources | EPA's application of the GHG BACT Rules at a stationary source otherwise subject to PSD because of its non-GHG emissions |
| BACT | Best available control technology |
| CAA | Clean Air Act |
| Circuit | U.S. Court of Appeals for the District of Columbia Circuit |
| Court | United States Supreme Court |
| EPA | Environmental Protection Agency |
| GHGs | Greenhouse gases |
| GHG BACT Rules | The Clean Air Act Prevention of Significant Deterioration program to employ best available control technology to emissions of greenhouse gases |
| Panel | The U.S. Court of Appeals for the District of Columbia Circuit panel for the above-styled cases. |
| PSD | Prevention of Significant Deterioration |
| *UARG* | *Utility Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014) |

vi

## Introduction and Rule 35 Statement

On April 10, 2015, the panel for the above-styled cases ("Panel") issued an Amended Judgment and Order ("Amended Judgment") [Doc. 1546840] on remand from the decision of the United States Supreme Court ("Court") in *Utility Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014) ("*UARG*"). The Amended Judgment conflicts with *UARG* and this court's decision in *Allied-Signal, Inc. v. Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993) ("*Allied-Signal*"). Rehearing by the Panel or rehearing en banc is necessary to secure and maintain uniformity of the decisions of the Court of Appeals for the District of Columbia Circuit ("Circuit") and because this is a matter of exceptional importance. *See* FRAP 35(b). Specifically:

In *UARG*, the Court held that the Environmental Protection Agency's ("EPA's") regulations were defective to the extent those regulations required certain stationary sources already subject to the Clean Air Act ("CAA") Prevention of Significant Deterioration ("PSD") program to employ best available control technology ("BACT") to emissions of greenhouse gases ("GHGs") (the "GHG BACT Rules"[1]). On remand, the Panel's Amended Judgment remanded the GHG BACT Rules to EPA without vacatur with the only instruction being to "consider whether any further revisions to its regulations are appropriate in light of [*UARG*],

---

[1] The GHG BACT Rules are at 40 C.F.R. §§ 51.166(b)(49)(iv) and 52.21(b)(49)(iv), as shown *infra* p. 7.

1

and if so, undertake to make such revisions." The Amended Judgment allows EPA merely to "consider," per its own ruminations, whenever it feels so inclined, whether *UARG* requires any further rule revisions. *UARG* requires more of EPA than mere permissive consideration; therefore, *UARG* and the Amended Judgment conflict.

Because the Court held the GHG BACT Rules are defective for substantive reasons, the Panel's remand of those Rules without vacatur also conflicts with this Circuit's precedent in *Allied-Signal* on when remand without vacatur may be appropriate. The exceptional importance of the GHG BACT regulations requires EPA to correct these substantive deficiencies.

<u>**Background**</u>

In *UARG*, the Court reviewed the Panel's decision in *Coalition for Responsible Regulation, Inc. v. EPA*, 684 F.3d 102 (2012), and reversed the Panel's conclusion that GHGs alone could trigger Title V and PSD permitting. The Court found that the Panel fell into a "defective syllogism" (as argued by EPA) that, because the CAA's emissions thresholds for Title V and PSD permitting programs are fundamentally incompatible with the very nature of GHG emissions, EPA possessed the authority to tailor and adjust the thresholds. *See UARG,* 134 S. Ct. at 2437; *see generally UARG,* 134 S. Ct. at 2437-46. Thus, the Court invalidated EPA's tailored, phase-in rules requiring Title V and PSD permits for stationary sources based solely on their GHG emissions. *See id.* at 2449. On remand, the Panel's Amended Judgment correctly

vacated any EPA rules to the contrary, and this Petition does not seek to disturb that vacatur.

The Court then addressed EPA's GHG BACT Rules. In a deliberately "narrow holding," the Court found that "nothing in the statute categorically prohibits EPA from interpreting the BACT provision to apply to greenhouse gases emitted by anyway sources," which are stationary sources otherwise subject to PSD because of non-GHG emissions. *See id.* at 2449. But the Court also held that EPA's regulatory efforts to do so—namely, the GHG BACT Rules—were defective. First among the defects is that the GHG BACT Rules lack the required *de minimis* level below which anyway source GHG emissions would not be subject to BACT. *See id.* at 2449 ("EPA may require an 'anyway' source to comply with greenhouse gas BACT *only if* the source emits more than a *de minimis* amount of greenhouse gases . . . but the Rule makes clear that EPA did not arrive at [75,000 tons per year] by identifying the *de minimis* level.") (emphasis added). While the Court held that, as a general matter, BACT rules for anyway sources might be lawful, it also held that EPA's current GHG BACT Rules are not.

On remand, EPA's argument misstated *UARG*'s effect on the GHG BACT Rules. EPA argued to the Panel that the appropriate remedy for the GHG BACT Rules was remand without vacatur to allow the agency to "consider whether any further revisions to its regulations are appropriate in light of [*UARG*], and if so, undertake to make such revisions." *See* EPA's Consol. Resp. to Pets.' Mots. To

Govern Further Proceedings at 27-31 (Doc. No. 1523810); EPA's Mot. to Govern Further Proceedings at 20 (Doc. No. 1518260). This is the relief granted in the Amended Judgment, and on which this Petition seeks rehearing.[2]

The Amended Judgment's remand of the GHG BACT Rules without vacatur conflicts with the plain holding of *UARG* because it leaves EPA to merely consider on its own whether *UARG* affects the GHG BACT Rules. *UARG* forecloses such permissive consideration by EPA; the Rules are defective. Further, because the GHG BACT Rules are unlawful for substantive reasons, the Panel's remand of those Rules without vacatur conflicts with this Circuit's precedent on when remand without vacatur may be appropriate. Finally, because EPA's regulation of anyway sources' GHG emissions has significant economic and environmental ramifications, rehearing is appropriate to correct these conflicts and ensure this Circuit's decision is correct.

## Argument and Citation of Authority

## I.     The Amended Judgment conflicts with *UARG*.

### A.     The Amended Judgment does not declare the GHG BACT Rules invalid, which is inconsistent with the holding in *UARG*.

In *UARG*, the Court issued two holdings on the GHG BACT Rules. First, the Court held that, as a general matter, EPA could interpret the CAA to require BACT for sources that are otherwise subject to PSD review: "The question before us is whether EPA's decision to require BACT for greenhouse gases emitted by sources

---

[2] Under FRAP 41(d)(1), the filing of this Petition automatically stays the mandate that the docket indicates was issued to EPA on April 10, 2015.

4

otherwise subject to PSD review is, *as a general matter*, a permissible interpretation of the statute under *Chevron*." *See UARG*, 134 S. Ct. at 2448 (emphasis added).   The Court was clear about the "narrow" scope of its holding:  "Our narrow holding is that nothing in the statute categorically prohibits EPA from interpreting the BACT provision to apply to [GHGs] emitted by 'anyway' sources."  *See id.* at 2449.

Second, the Court held the actual GHG BACT Rules, as currently drafted, to be substantively defective.  Chief among the Court's reasons is that the existing GHG BACT Rules do not contain a *de minimis* level.[3]  The Court observed that *de minimis* "is part of the established background of legal principles against which all enactments are adopted."  *See id.* at 2435 n.1, 2449.  And the Court held that, "EPA may require an 'anyway' source to comply with greenhouse-gas BACT *only if* the source emits more than a *de minimis* amount of greenhouse gases."  *See id.* at 2449 (emphasis added).  The Court then concluded that the 75,000 ton threshold in the GHG BACT Rules is not a *de minimis* level.  *See id.* ("The Rule makes clear that EPA did not arrive at that number

---

[3] The Court also noted that other of EPA's BACT requirements were problematic with respect to the PSD program GHG BACT Rules.  For example, EPA's BACT requirement for consideration of each pollutant's impact on local ambient air quality is inoperative with the distinctly non-local nature of GHG concerns.  *See UARG*, 134 S. Ct. at 2449 n.9.  And EPA's current intentions to place energy efficiency at the core of its GHG BACT requirements is inconsistent with EPA's long-standing guidance that it only has authority to regulate a facility's own pollutants and may not require "reductions in a facility's demand for energy from the electric grid."  *Id.* at 2448.  Also, the Court noted the Solicitor General's position that the inclusion of carbon dioxide in the "aggregate pollutant" defined by EPA was the chief reason for the incompatibility of GHGs with the CAA's PSD program.  *See UARG*, 134 S. Ct. at 2444 n.7.

by identifying the *de minimis* level."). Finally, the Court left no doubt of its holding that EPA must establish a properly justified *de minimis* GHG level before requiring GHG BACT for anyway sources: "We do not hold that 75,000 tons per year $CO_2e$ necessarily exceeds a true *de minimis* level, only that EPA must justify its selection on proper grounds." *Id.* The Court then cited to this Circuit's decision in *Ala. Power Co. v. Costle*, 636 F.2d 323 (D.C. Cir. 1979). In that case, the Circuit struck down certain of EPA's BACT *de minimis* thresholds and provided EPA with guidance on how to proceed to establish a valid regulatory standard. *See Ala. Power Co. v. Costle* 636 F.2d at 405 ("Just as for the applicability of PSD to modifications, the *de minimis* exemption must be designed with the specific administrative burdens and specific regulatory context in mind."). By its citation, the Court identified how the Circuit should proceed; specifically, vacatur with guidance by the Circuit to EPA on establishing valid GHG BACT Rules.

The Court's holdings are not academic; they deliberately and dramatically weaken EPA's GHG-related PSD rules. Specifically, the GHG BACT Rules and the rules that would subject sources to PSD based only on GHG emissions were housed in parallel provisions at 40 C.F.R. §§ 51.166, 52.21. Thereunder, GHGs "shall not be subject to regulation," and therefore not trigger PSD permitting or BACT requirements, "except as provided in paragraphs (b)(49)(iv) and (v)." Paragraphs (iv) in such parallel regulations set forth the GHG BACT Rules the Court held to be defective. Paragraphs (v) include the provisions allowing GHG emissions alone to

6

trigger PSD, and EPA does not dispute *UARG* rendered these entirely invalid.  *See*

EPA's Mot. to Govern Further Proceedings at 11 n.4.

After *UARG,* EPA is left with the following surviving provisions in its GHG

BACT Rules at 40 C.F.R. §§ 51.166 (b)(49)(iv) and (v); 52.21 (b)(49)(iv) and (v):

"[GHGs] shall *not* be subject to regulation except as provided in paragraphs (b)(49)(iv) through (v) of this section.

(b)(49) . . .

(iv) ~~Beginning January 2, 2011, the pollutant GHGs is subject to regulation if: *(a)* The stationary source is a new major stationary source for a regulated NSR pollutant that is not GHGs, and also will emit or will have the potential to emit 75,000 tpy CO2e or more; or *(b)* The stationary source is an existing major stationary source for a regulated NSR pollutant that is not GHGs, and also will have an emissions increase of a regulated NSR pollutant, and an emissions increase of 75,000 tpy CO2e or more; and~~

(v) ~~Beginning July 1, 2011, in addition to the provisions in paragraph (b)(49)(iv), of this section, the pollutant GHGs shall also be subject to regulation *(a)* At a new stationary source that will emit or have the potential to emit 100,000 tpy CO2e; of *(b)* At an existing stationary source that emits or has the potential to emit 100,000 tpy CO2e when such stationary source undertakes a physical change or change in the method of operation that will result in an emissions increase of 75,000 tpy CO2e or more.~~"

As illustrated above, the Court in *UARG* repudiated the triggering threshold of

the GHG BACT Rules, leaving a provision that cannot be rationally applied without

supplying the missing term.  The Amended Judgment misses this fatal legal

ramification.  EPA argued that a single sentence in *UARG* stood for the proposition

that the Court had broadly endorsed the GHG BACT Rules as applied to anyway

sources.  *See UARG*, 134 S. Ct. at 2449; and EPA's Mot. to Govern Further

Proceedings at 14-15 ("EPA may, however, continue to treat greenhouse gases as a 'pollutant subject to regulation under this chapter' for purposes of requiring BACT for 'anyway' sources."). But EPA's argument takes that sentence out of context. Rather, the "continue" sentence upon which EPA relied so heavily in its argument to the Panel indicates only that, as a *general matter*, requiring BACT for GHGs is a permissible interpretation. *See id.* at 2448. The balance of the Court's analysis of the GHG BACT Rules clarifies that EPA must first establish lawful GHG BACT regulations and then, and only then, can anyway sources be required to control GHGs with BACT.[4] Such a program would include, at least, regulatory development of a properly established *de minimis* level.

    The Amended Judgment conflicts with this aspect of the Court's holding. The Panel leaves the GHG BACT Rules undisturbed, and the agency to merely consider whether *UARG* requires further revisions. *UARG* foreclosed this option by holding the GHG BACT Rules defective. "Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the

---

[4] To resist this logic, EPA theorized that GHGs are "subject to regulation" because of mobile source regulations and that, therefore, the statutory requirement to apply BACT will self-execute against anyway source GHG emissions in any amount. *See, e.g.*, EPA's Mot. to Govern Further Proceedings at 14. But EPA's theory is incompatible with its own regulations following *UARG*. As shown *supra* p. 7, the surviving regulations provide only that GHGs "shall not be subject to regulation." The theory also conflicts with the Court's holding that BACT may only apply if emissions exceed a properly justified *de minimis* level, which does not now exist in the GHG BACT Rules. As requested in this Petition, EPA must conduct notice and comment rulemaking to establish properly justified GHG-related PSD rules before any stationary source GHG emissions could be subject to BACT.

law of the case; and must carry it into execution, according to the mandate. They cannot vary it." *Sibbald v. United States*, 37 U.S. 488, 492 (1838) (relied on for this point in this Circuit as recently as 1996, *see LaShawn A. v. Barry*, 87 F.3d 1389, 1393 n.3 (D.C. Cir. 1996)). The Panel in the Amended Judgement abdicated its responsibility to fully implement the Court's decision in *UARG* by allowing the defective GHG BACT Rules to remain in place.

**B.      Remanding the GHG BACT Rules without vacatur conflicts with this Circuit's precedent on when such a remedy may be appropriate.**

The Panel's decision to remand, but not vacate, the GHG BACT Rules also conflicts with this Court's decisions in *Allied-Signal, Inc. v. Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993) and other applicable precedent on proper remedies to address unlawful agency rules.

"[V]acatur is the normal remedy." *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). However, an "[a]n inadequately supported rule . . . need not necessarily be vacated." *Allied-Signal*, 988 F.2d at 150. If the agency's error is in its explanation for the rule, rather than the rule's substance, remand for a better explanation may be appropriate. *See, e.g., Mass. v. Nuclear Regulatory Com.*, 924 F.2d 311, 336 (D.C. Cir. 1991) ("In appropriate cases, we will remand without vacating an agency's order where the reason for the remand is a lack of reasoned decisionmaking."); *but contrast NRDC v. EPA*, 571 F.3d 1245, 1279 (D.C. Cir. 2009)

("Because the flaws in this part of the . . . Rule . . . cannot be remedied by further explanation by EPA, it must be vacated.").

The Court in *UARG* found that EPA erred, not in its explanation of the GHG BACT Rules, but in their substance.  As one example, EPA failed to provide a proper *de minimis* level.  *See UARG*, 134 S. Ct. at 2449 ("However, EPA may require an 'anyway' source to comply with greenhouse-gas BACT only if the source emits more than a *de minimis* amount of greenhouse gases.  . . .The Rule makes clear that EPA did not arrive at [75,000 tons] by identifying the *de minimis* level.").[5]

EPA's only option to correct the deficiencies in the GHG BACT Rules is to reopen the rulemaking process and properly notice the revised rules for public comment.[6]  *See, e.g., Indep. U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847, 854 (D.C. Cir. 1987) (explaining that, when an agency "fails to present an adequate statement of basis and purpose" in an APA rulemaking, the court has only two options: "either

---

[5] This court has previously vacated, rather than remanded, an EPA order when EPA failed to calculate a numeric safety level using a requisite risk evaluation process.  *See NRDC v. EPA*, 658 F.3d 200, 218 (2d Cir. 2011); *compare UARG*, 134 S.Ct. at 2437 n.3 ("EPA stated that its adoption of a 75,000-tons-per-year threshold for emissions requiring BACT and modifications requiring permits was not an exercise of its authority to establish *de minimis* exceptions…").

[6] For example, the creation of a *de minimis* level, currently absent from the CAA regulations, will be a new rule requiring a new rulemaking process.  *See* 5 U.S.C. § 551(4), defining "rule" as "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law," 5 U.S.C. § 551(5), defining "rulemaking" as the "agency process for formulating, amending, or repealing a rule," and 42 U.S.C. § 7607(d)(1)(J), requiring a rulemaking process for promulgation or revision of CAA PSD rules.

remand for specific procedures to cure the deficiency without vacating the rule …[or] vacate the rule, thus requiring the agency to initiate another rulemaking proceeding if it would seek to confront the problem anew."); *Portland Cement Ass'n v. EPA*, 665 F.3d 177, 184 (D.C. Cir. 2011) (When EPA has not established a "specific emissions standard for greenhouse gases in the proposed regulations, promulgating such a standard without providing opportunity to comment on it would violate the norms of notice and comment rulemaking.") (internal quotations omitted).

## II.   The invalid GHG BACT Rules involve a question of exceptional importance.

"Anyway" sources account for roughly 83% of American stationary-source greenhouse-gas emissions …." *See UARG,* 134 S. Ct. at 2338-39.  EPA's decisions as to when and how to regulate these sources will have significant consequences.  *See Coalition for Responsible Regulation, Inc. v. EPA*, No. 09-1322 *et al.*, 2012 U.S. App. LEXIS 25997, *62-63 (D.C. Cir. Dec. 20, 2012) (Kavanaugh, J., dissenting) (internal quotations omitted):

> This case is plainly one of exceptional importance.  A decision in either direction will have massive real-world consequences.  The U.S. Chamber of Commerce describes the EPA regulations at issue here as the most burdensome, costly, far-reaching program ever adopted by a United States regulatory agency.   On the other hand, EPA issued these regulations to help address global warming, a policy issue of major long-term significance to the United States.  Put simply, the economic and environmental policy stakes are very high.

> This Circuit should do more than wave goodbye to EPA as the agency embarks

on some voyage of discovery with no particular destination in mind.  The reviewing

court is to "reverse any action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 7607(d)(9). *See also* 5 U.S.C. § 706(2). *UARG* held that EPA's GHG BACT Rules were not in accordance with the law. This Circuit must enforce the Supreme Court's decision. *See Sibbald v. United States*, 37 U.S. 488, 492 (1838), *cited by LaShawn A. v. Barry*, 87 F.3d 1389, 1393 n.3 (D.C. Cir. 1996). The Amended Judgment erroneously authorizes EPA to disobey the law of this case. "Where there is no doubt that the agency chose incorrectly, and the fundamental flaws in its approach foreclose the agency from promulgating the same rule on remand, vacatur rather than remand is the appropriate remedy." *Akiachak Native Cmty. v. Jewell*, 995 F. Supp. 2d 1, 6-7 (D.D.C. 2013) (internal quotations omitted). No other outcome ensures EPA's compliance with the Court's instructions in *UARG*.[7]

If EPA is to be held accountable to obey the law, then it must be that "the law" be stated in terms such that EPA's obedience can be objectively tested. A vague mandate fails that test if it only requires that EPA go determine for itself what the law is. For example, under the Amended Judgment, is EPA free to enforce 40 C.F.R. § 51.166 (b)(49)(iv) as currently drafted? Is EPA obliged only to consider that

---

[7] Even when the court decides, at the parties' request, not to vacate certain regulations due to public safety concerns, it is careful to require EPA to comply with its obligations to promulgate valid rules according to lawful procedures. *See, e.g., Fertilizer Inst. v. EPA*, 935 F.2d 1303, 1312 (D.C. Cir. 1991) ("We emphasize, however, that, by leaving the EPA's exemptions in place, we are not relieving the EPA of its burden to conduct notice and comment rulemaking").

question but then free to come out either way?  Indeed, does the Amended Judgment really mean that EPA need only "consider" whether the law permits it to continue to apply a concept specifically rejected by the Supreme Court?  If that is what the Amended Judgment means, then its vague mandate upsets the very concept of government by rule of law, creating at best an opportunity for arbitrary regulation and at worst an invitation to autocracy.  The GHG regulations are too significant for such an outcome.

## Conclusion and Requested Relief

The Amended Judgment conflicts with *UARG* and this Circuit's decisions, and rehearing is respectfully requested to maintain uniformity of the Circuit's decisions. On rehearing, the GHG BACT Rules should be vacated—*UARG* held them unlawful for substantive reasons and this Circuit's decisions on remedies instruct that, in such circumstances, rules are due to be vacated.  In *UARG*, regarding EPA's newfound authority to regulate stationary sources of GHG emissions, the Court was "not willing to stand on the dock and wave goodbye as EPA embarks on this multiyear voyage of discovery."  And neither should the Circuit with respect to EPA's regulation of "anyway sources" under invalid GHG BACT Rules.

13

Dated:  May 26, 2015                    Respectfully submitted,

/s/ Eric Groten                         /s/ Shannon L. Goessling
Eric Groten                             Shannon L. Goessling
VINSON & ELKINS LLP                     SOUTHEASTERN LEGAL FOUNDATION, INC.
2801 Via Fortuna, Suite 100             2255 Sewell Mill Road, Suite 320
Austin, TX  78746                       Marietta, GA 30062
(512) 524-8709                          (770) 977-2131
egroten@velaw.com                       shannon@southeasternlegal.org
*Counsel for Petitioners in Case Nos.*  *Counsel for Petitioners in Case Nos.*
*09-1322, 10-1073, 10-1092, 10-1132*    *10-1035, 10-1045, 10-1083, 10-1094, 10-*
                                        *1131, 10-1143, 10-1318*


/s/ Richard P. Hutchinson               Edward A. Kazmarek
Richard P. Hutchinson                   Douglas E. Cloud
LANDMARK LEGAL FOUNDATION                C. Max Zygmont
3100 Broadway, Suite 1210               KAZMAREK MOWREY CLOUD LASETER LLP
Kansas City, MO 64111                   1230 Peachtree Street, NE, Suite 3600
(816)-931-5559                          Atlanta, GA 30309
pete@landmarklegal.org                  (404) 812-0840
*Counsel for Petitioners in Case Nos. 10-*  skazmarek@kmcllaw.com
*1152, 10-1208*                         *Co-Counsel for Southeastern Legal Foundation,*
                                        *Inc., et al.*


/s/ Sam Kazman
Sam Kazman
Hans Bader
COMPETITIVE ENTERPRISE
INSTITUTE
1899 L Street, NW, 12th Floor
Washington, DC  20036
(202) 331-2265
*Co-Counsel for Petitioners in Case Nos.*
*10-1045, 10-1143, 10-1318*

14

## <u>**Addendum**</u>

Panel Amended Judgment ............................................................................Add-1

Certificate of Parties in Case Nos. **09-1322** (consolidated with Nos. 10-1024, 10-1025, 10-1026, 10-1030, 10-1035, 10-1036, 10-1037, 10-1038, 10-1039, 10-1040,  10-1041, 10-1042, 10-1044, 10-1045,  10-1046, 10-1234, 10-1235, 10-1239,  10-1245, 10-1281, 10-1310, 10-1318,  10-1319, 10-1320, and 10-1321); **10-1073** (consolidated with Nos. 10-1083, 10-1099, 10-1109, 10-1110, 10-1114, 10-1118, 10-1119, 10-1120, 10-1122, 10-1123, 10-1124, 10-1125, 10-1126, 10-1127, 10-1128, 10-1129, 10-1131, 10-1132, 10-1145, 10-1147, 10-1148, 10-1199, 10-1200, 10-1201, 10-1202, 10-1203, 10-1206, 10-1207, 10-1208, 10-1210, 10-1211, 10-1212, 10-1213, 10-1216, 10-1218, 10-1219, 10-1220, 10-1221, and 10-1222); and **10-1092** (consolidated with Nos. 10-1094, 10-1134, 10-1143, 10-1144, 10-1152, 10-1156, 10-1158, 10-1159, 10-1160, 10-1161, 10-1162, 10-1163, 10-1164, 10-1166, and 10-1182) ..............................................Add-5

Corporate Disclosure Statement ................................................................Add-19

Certificate of Service ................................................................................Add-27

**ADDENDUM**

**PANEL AMENDED JUDGMENT**

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

## No. 09-1322

COALITION FOR RESPONSIBLE REGULATION, INC., ET AL.,
PETITIONERS

v.

ENVIRONMENTAL PROTECTION AGENCY,
RESPONDENT

STATE OF MICHIGAN, ET AL.,
INTERVENORS

———————————————————

Consolidated with 10-1024, 10-1025, 10-1026, 10-1030, 10-1035, 10-1036, 10-1037, 10-1038, 10-1039, 10-1040, 10-1041, 10-1042, 10-1044, 10-1045, 10-1046, 10-1234, 10-1235, 10-1239, 10-1245, 10-1281, 10-1310, 10-1318, 10-1319, 10-1320, 10-1321

———

## No. 10-1073

COALITION FOR RESPONSIBLE REGULATION, INC., ET AL.,
PETITIONERS

v.

ENVIRONMENTAL PROTECTION AGENCY,
RESPONDENT

AMERICAN FROZEN FOOD INSTITUTE, ET AL.,
INTERVENORS

———————————————————

Consolidated with 10-1083, 10-1099, 10-1109, 10-1110, 10-1114, 10-1118, 10-1119, 10-1120, 10-1122, 10-1123, 10-1124, 10-1125, 10-1126, 10-1127, 10-1128, 10-1129, 10-1131, 10-1132, 10-1145, 10-1147, 10-1148, 10-1199, 10-1200, 10-1201, 10-1202, 10-1203, 10-1206, 10-1207, 10-1208, 10-1210, 10-1211, 10-1212, 10-1213, 10-1216, 10-1218, 10-1219, 10-1220, 10-1221, 10-1222

## September Term, 2014
FILED: APRIL 10, 2015

No. 09-1322                                    September Term, 2014

No. 10-1092

COALITION FOR RESPONSIBLE REGULATION, INC., ET AL.,
                    PETITIONERS

v.

ENVIRONMENTAL PROTECTION AGENCY,
                    RESPONDENT

LANGBOARD, INC. - MDF, ET AL.,
                    INTERVENORS
_____

Consolidated with 10-1094, 10-1134, 10-1143, 10-1144, 10-1152, 10-1156, 10-1158, 10-1159, 10-1160, 10-1161, 10-1162, 10-1163, 10-1164, 10-1166, 10-1182
                              _____

No. 10-1167

AMERICAN CHEMISTRY COUNCIL,
                    PETITIONER

v.

ENVIRONMENTAL PROTECTION AGENCY AND LISA PEREZ JACKSON, ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY,
                    RESPONDENTS

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, ET AL.,
                    INTERVENORS

_____

Consolidated with 10-1168, 10-1169, 10-1170, 10-1173, 10-1174, 10-1175, 10-1176, 10-1177, 10-1178, 10-1179, 10-1180

                              _____

On Petitions for Review of Final Actions of the Environmental Protection Agency
On Remand from the United States Supreme Court

**No. 09-1322**                                   **September Term, 2014**

Before: Rogers and Tatel, *Circuit Judges*, and Sentelle, *Senior Circuit Judge*.

## A M E N D E D   J U D G M E N T

Upon consideration of the opinion in *Utility Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014); EPA's motion to govern further proceedings and the responses thereto; the State, Industry, and Public Interest parties' joint motion to govern future proceedings and the responses thereto; the motion to govern of Environmental Respondent-Intervenors and the responses thereto; the motion of Energy-Intensive Manufacturers Group to govern future proceedings and the responses thereto; and the joint motion of the Alliance of Automobile Manufacturers and the Association of Global Automakers to govern future proceedings and the response thereto, it is

**ORDERED** that this court's judgment filed June 26, 2012, be amended in accordance with the Supreme Court's decision. *See UARG v. EPA*, 134 S. Ct. at 2449 (affirming in part and reversing in part). It is

**FURTHER ORDERED and ADJUDGED** that: (1) the regulations under review (including 40 C.F.R. §§ 51.166(b)(48)(v) and 52.21(b)(49)(v)) be vacated to the extent they require a stationary source to obtain a PSD permit if greenhouse gases are the only pollutant (i) that the source emits or has the potential to emit above the applicable major source thresholds, or (ii) for which there is a significant emissions increase from a modification; (2) the regulations under review be vacated to the extent they require a stationary source to obtain a title V permit solely because the source emits or has the potential to emit greenhouse gases above the applicable major source thresholds; and (3) the regulations under review (in particular 40 C.F.R. § 52.22 and 40 C.F.R. §§ 70.12, 71.13) be vacated to the extent they require EPA to consider further phasing-in the requirements identified in (1) and (2) above, at lower greenhouse gas emission thresholds. It is

**FURTHER ORDERED and ADJUDGED** that the petitions for review in Nos. 09-1322, et al., 10-1073, et al., 10-1092, et al., and 10-1167, et al., otherwise be denied in their entirety. It is

**FURTHER ORDERED** that EPA take steps to rescind and/or revise the applicable provisions of the Code of Federal Regulations as expeditiously as practicable to reflect the relief granted in the second decretal paragraph of this judgment. It is

**FURTHER ORDERED** that EPA consider whether any further revisions to its regulations are appropriate in light of *UARG v. EPA*, 134 S. Ct. 2427, and if so, undertake to make such revisions.

The Clerk is directed to issue the mandate forthwith.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk

**ADDENDUM**

**CERTIFICATE OF PARTIES**

## CERTIFICATE OF PARTIES

The panel opinion in this case, *Coalition for Responsible Regulation, Inc. v. EPA*, 684 F.3d 102 (D.C. Cir. June 26, 2012), on appeal at *Util. Air Regulatory Grp. v. EPA*, 134 S.Ct. 2427 (2014), and subsequent Amended Judgment addressed ninety-four petitions for review, which challenged nine final agency actions.  Those cases were consolidated into four groups, with lead case numbers 09-1322, 10-1073, 10-1092, and 10-1167.

Pursuant to Circuit Rules 35(c) and 28(a)(1)(A), below is a list of all parties, intervenors, and amici in this court.

## 1.      Petitions for Review Consolidated With Lead Case No. 09-1322

<u>Petitioners</u>

*Petitions for Review Challenging the Endangerment Rule, 74 Fed. Reg. 66,496 (Dec. 15, 2009):*

Case No. 09-1322:  Coalition for Responsible Regulation, Inc.; Industrial Minerals Association – North America; National Cattlemen's Beef Association; Great Northern Project Development, L.P.; Rosebud Mining Co.; Massey Energy Co.; Alpha Natural Resources, Inc.

Case No. 10-1024:  National Mining Association

Case No. 10-1025:  Peabody Energy Company

Case No. 10-1026:  American Farm Bureau Federation

Case No. 10-1030:  Chamber of Commerce of the United States of America

Case No. 10-1035:  Southeastern Legal Foundation, Inc.; U.S. Representative John Linder (GA-7th); U.S. Representative Dana Rohrabacher (CA-46th); U.S. Representative John Shimkus (IL-19th); U.S. Representative Phil Gingrey (GA-11th); U.S. Representative Lynn Westmoreland (GA-3rd); U.S. Representative Tom Price (GA-6th); U.S. Representative Paul Broun (GA-10th); U.S. Representative Steve King (IA-5th); U.S. Representative Nathan Deal (GA-5th); U.S. Representative Jack Kingston (GA-1st); U.S. Representative Michele Bachmann (MN-6th); U.S. Representative Kevin Brady (TX-8th); The Langdale Co.; Langdale Forest Products Co.; Langdale Farms, LLC; Langdale Fuel Co.; Langdale Chevrolet-Pontiac, Inc.;

Add-6

Langdale Ford Co.; Langboard, Inc.–MDF; Langboard, Inc.–OSB; Georgia Motor Trucking Association, Inc.; Collins Industries, Inc.; Collins Trucking Company, Inc.; Kennesaw Transportation, Inc.; J&M Tank Lines, Inc.; Southeast Trailer Mart, Inc.; Georgia Agribusiness Council, Inc.

Case No. 10-1036:  The Commonwealth of Virginia, ex rel. Kenneth T. Cuccinelli, II in his official capacity as Attorney General of Virginia

Case No. 10-1037:  Gerdau Ameristeel Corp.

Case No. 10-1038:  American Iron and Steel Institute

Case No. 10-1039:  The State of Alabama

Case No. 10-1040:  The Ohio Coal Association

Case No. 10-1041:  The State of Texas; Rick Perry, Governor of Texas; Greg Abbott, Attorney General of Texas; Texas Commission on Environmental Quality; Texas Agriculture Commission; Barry Smitherman, Chairman of the Texas Public Utility Commission

Case No. 10-1042:  Utility Air Regulatory Group

Case No. 10-1044:  National Association of Manufacturers; American Petroleum Institute; Brick Industry Association; Corn Refiners Association; National Association of Home Builders; National Oilseed Processors Association; National Petrochemical and Refiners Association; Western States Petroleum Association

Case No. 10-1045:  Competitive Enterprise Institute; FreedomWorks; the Science and Environmental Policy Project

Case No. 10-1046:  Portland Cement Association

> *Petitions for Review Challenging EPA's Denial of Reconsideration of the Endangerment Rule, 75 Fed. Reg. 49,556 (Aug. 13, 2010):*

Case No. 10-1234:  Coalition for Responsible Regulation, Inc.; Industrial Minerals Association – North America; National Cattlemen's Beef Association; Great Northern Project Development, L.P.; Rosebud Mining Co.; Alpha Natural Resources, Inc.

Case No. 10-1235:  Chamber of Commerce of the United States of America

Case No. 10-1239:  Southeastern Legal Foundation; John Linder (U.S. Representative) (GA-7th); Dana Rohrabacher (U.S. Representative) (CA-46th); John Shimkus (U.S. Representative) (IL-19th); Phil Gingrey (U.S. Representative) (GA-11th); Lynn Westmoreland (U.S. Representative) (GA-3rd); Tom Price (U.S. Representative) (GA-6th); Paul Broun (U.S. Representative) (GA-10th); Steve King (U.S. Representative) (IA-5th); Jack Kingston (U.S. Representative) (GA-1st); Michele Bachmann (U.S. Representative) (MN-6th); Kevin Brady (U.S. Representative) (TX-8th); John Shadegg (U.S. Representative) (AZ-3rd); Marsha Blackburn (U.S. Representative) (TN-7th); Dan Burton (U.S. Representative) (IN-5th); The Langdale Company; Langdale Forest Products Company; Langdale Farms, LLC; Langdale Fuel Company; Langdale Chevrolet-Pontiac, Inc.; Langdale Ford Company; Langboard, Inc.–MDF; Langboard, Inc.–OSB; Georgia Motor Trucking Association, Inc.; Collins Industries, Inc.; Collins Trucking Company, Inc.; Kennesaw Transportation, Inc.; J&M Tank Lines, Inc.; Southeast Trailer Mart, Inc.; Georgia Agribusiness Council, Inc.

Case No. 10-1245:  Peabody Energy Company

Case No. 10-1281:  The State of Texas; Rick Perry, Governor of Texas; Greg Abbott, Attorney General of Texas; Texas Commission on Environmental Quality; Texas Agriculture Commission; Barry Smitherman, Chairman of the Texas Public Utility Commission

Case No. 10-1310:  Pacific Legal Foundation

Case No. 10-1318:  Competitive Enterprise Institute; FreedomWorks; Science and Environmental Policy Project

Case No. 10-1319:  The Commonwealth of Virginia, ex rel. Kenneth T. Cuccinelli, II in his official capacity as Attorney General of Virginia

Case No. 10-1320:  Utility Air Regulatory Group

Case No. 10-1321:  Ohio Coal Association

<u>Respondents</u>

United States Environmental Protection Agency (Respondent in all consolidated cases) and Lisa P. Jackson, Administrator, United States Environmental Protection Agency (Respondent in Nos. 10-1030, 10-1044, 10-1049, and 10-1235). Ms. Jackson

ceased to hold the office of Administrator, United States Environmental Protection Agency, on February 15, 2013; that office is currently held by Gina McCarthy.

Intervenors for Petitioners

Commonwealth of Kentucky, States of Alaska, Florida, Indiana, Louisiana, Michigan, Nebraska, North Dakota, Oklahoma, South Carolina, South Dakota, and Utah, Governor of Mississippi Haley Barbour, Portland Cement Association, Glass Packaging Institute, Independent Petroleum Association of America, Louisiana Oil and Gas Association, North American Die Casting Association, Steel Manufacturers Association, National Electrical Manufacturers Association, Michigan Manufacturers Association, Indiana Cast Metals Association, Virginia Manufacturers Association, Colorado Association of Commerce & Industry, Tennessee Chamber of Commerce and Industry, West Virginia Manufacturers Association, the Kansas Chamber of Commerce and Industry, Idaho Association of Commerce and Industry, Pennsylvania Manufacturers Association, Ohio Manufacturers Association, Wisconsin Manufacturers and Commerce, Nebraska Chamber of Commerce and Industry, Arkansas State Chamber of Commerce, Associated Industries of Arkansas, and Mississippi Manufacturers Association

Intervenors for Respondents

Commonwealth of Massachusetts, the States of California, Connecticut, Delaware, Iowa, Illinois, Maine, Maryland, Minnesota, New Hampshire, New Mexico, New York, Oregon, Rhode Island, Vermont, and Washington, the City of New York, Pennsylvania Department of Environmental Protection, Natural Resources Defense Council, Environmental Defense Fund, Sierra Club, National Wildlife Federation, Conservation Law Foundation, and Wetlands Watch

Amici Curiae for Petitioners

Mountain States Legal Foundation; National Federation of Independent Business Small Business Legal Center; Landmark Legal Foundation; and Atlantic Legal Foundation; State of Kansas

Amici Curiae for Respondents

Union of Concerned Scientists, Great Waters Coalition, and ClientEarth.

2.    **Petitions for Review Consolidated With Lead Case No. 10-1073**

*Petitions for Review Challenging the Timing Rule, 75 Fed. Reg. 17,004 (April 2, 2010):*

<u>Petitioners</u>

Case No. 10-1073:  Coalition for Responsible Regulation, Inc.; Industrial Minerals Association – North America; National Cattlemen's Beef Association; Great Northern Project Development, L.P.; Rosebud Mining Co.; Alpha Natural Resources, Inc.

Case No. 10-1083:  Southeastern Legal Foundation, Inc.; The Langdale Company; Langdale Forest Products Company; Langdale Farms, LLC; Langdale Fuel Company; Langdale Chevrolet-Pontiac, Inc.; Langdale Ford Company; Langboard, Inc. - MDF; Langboard, Inc. - OSB; Georgia Motor Trucking Association, Inc.; Collins Industries, Inc.; Collins Trucking Company, Inc.; Kennesaw Transportation, Inc.; J&M Tank Lines, Inc.; Southeast Trailer Mart, Inc.; Georgia Agribusiness Council, Inc.; John Linder, U.S. Representative, Georgia 7th District; Dana Rohrabacher, U.S. Representative, California 46th District; John Shimkus, U.S. Representative, Illinois 19th District; Phil Gingrey, U.S. Representative, Georgia 11th District; Lynn Westmoreland, U.S. Representative, Georgia 3rd District; Tom Price, U.S. Representative, Georgia 6th District; Paul Broun, U.S. Representative, 10th District; Steve King, U.S. Representative, Iowa 5th District; Nathan Deal, U.S. Representative, Georgia 9th District; Jack Kingston, U.S. Representative, Georgia 1st District; Michele Bachmann, U.S. Representative, Minnesota 6th District; Kevin Brady, U.S. Representative, Texas 8th District; John Shadegg, U.S. Representative, Arizona 3rd District; Marsha Blackburn, U.S. Representative, Tennessee 7th District; Dan Burton, U.S. Representative, Indiana 5th District Case No. 10-1099: Clean Air Implementation Project

Case No. 10-1109:  American Iron and Steel Institute

Case No. 10-1110:  Gerdau Ameristeel US Inc.

Case No. 10-1114:  Energy-Intensive Manufacturers' Working Group on Greenhouse Gas Regulation

Case No. 10-1118:  Peabody Energy Company

Case No. 10-1119:  American Farm Bureau Federation

Case No. 10-1120:  National Mining Association

Case No. 10-1122:  Utility Air Regulatory Group

Case No. 10-1123:  Chamber of Commerce of the United States of America

Case No. 10-1124:  Missouri Joint Municipal Electric Utility Commission

Case No. 10-1125:  National Environmental Development Association's Clean Air Project

Case No. 10-1126:  Ohio Coal Association

Case No. 10-1127:  National Association of Manufacturers; American Frozen Food Institute; American Petroleum Institute; Brick Industry Association; Corn Refiners Association; Glass Packaging Institute; Independent Petroleum Association of America; Indiana Cast Metals Association; Michigan Manufacturers Association; Mississippi Manufacturers Association; National Association of Home Builders; National Federation of Independent Business; National Oilseed Processors Association; National Petrochemical & Refiners Association; North American Die Casting Association; Specialty Steel Industry of North America; Tennessee Chamber of Commerce and Industry; Western States Petroleum Association; West Virginia Manufacturers Association; Wisconsin Manufacturers and Commerce

Case No. 10-1128:  State of Texas; State of Alabama; State of South Carolina; State of South Dakota; State of Nebraska; State of North Dakota; Commonwealth of Virginia; Rick Perry, Governor of Texas; Greg Abbott, Attorney General of Texas; Texas Commission on Environmental Quality; Texas Agriculture Commission; Texas Public Utilities Commission; Texas Railroad Commission; Texas General Land Office; Haley Barbour, Governor of the State of Mississippi

Case No. 10-1129:  Portland Cement Association

<u>Respondents</u>

United States Environmental Protection Agency (Respondent in all consolidated cases) and Lisa Perez Jackson, Administrator, United States Environmental Protection Agency (Respondent in No. 10-1123). Ms. Jackson ceased to hold the office of Administrator, United States Environmental Protection Agency, on February 15, 2013; that office is currently held by Gina McCarthy.

Intervenor for Petitioners

Louisiana Department of Environmental Quality

Intervenors for Respondents

Environmental Defense Fund; Indiana Wildlife Federation; Michigan Environmental Council; Natural Resources Defense Council; Ohio Environmental Council; Sierra Club

Amici Curiae for Petitioners

American Chemistry Council; Commonwealth of Kentucky; Municipal Gas Commission of Missouri

*Petitions for Review Challenging the Tailoring Rule, 75 Fed. Reg. 31,514 (June 3, 2010):*

Petitioners

Case No. 10-1131:  Southeastern Legal Foundation, Inc.; John Linder, U.S. Representative, Georgia 7th District; Dana Rohrabacher, U.S. Representative, California 46th District; John Shimkus, U.S. Representative, Illinois 19th District; Phil Gingrey, U.S. Representative, Georgia 11th District; Lynn Westmoreland, U.S. Representative, Georgia 3rd District; Tom Price, U.S. Representative, Georgia 6th District; Paul Broun, U.S. Representative, Georgia 10th District; Steve King, U.S. Representative, Iowa 5th District; Jack Kingston, U.S. Representative, Georgia 1st District; Michele Bachmann, U.S. Representative, Minnesota 6th District; Kevin Brady, U.S. Representative, Texas 8th District; John Shadegg, U.S. Representative, Arizona 3rd District; Marsha Blackburn, U.S. Representative, Tennessee 7th District; Dan Burton, U.S. Representative, Indiana 5th District; The Langdale Company; Langdale Forest Products Company; Langdale Farms, LLC; Langdale Fuel Company; Langdale Chevrolet-Pontiac, Inc.; Langdale Ford Company; Langboard, Inc. - OSB; Langboard, Inc. - MDF; Georgia Motor Trucking Association, Inc.; Collins Industries, Inc.; Collins Trucking Company, Inc.; Kennesaw Transportation, Inc.; J&M Tank Lines, Inc.; Southeast Trailer Mart, Inc.; Georgia Agribusiness Council, Inc.

Case No. 10-1132:  Coalition for Responsible Regulation, Inc.; Industrial Minerals Association - North America; National Cattlemen's Beef Association; Great Northern Project Development, L.P.; Rosebud Mining Company; Alpha Natural Resources, Inc.

Case No. 10-1145:  The Ohio Coal Association

Case No. 10-1147:  American Iron and Steel Institute

Case No. 10-1148:  Gerdau Ameristeel US Inc.

Case No. 10-1199:  Chamber of Commerce of the United States of America

Case No. 10-1200:  Georgia Coalition for Sound Environmental Policy, Inc.

Case No. 10-1201:  National Mining Association

Case No. 10-1202:  American Farm Bureau Federation

Case No. 10-1203:  Peabody Energy Company

Case No. 10-1206:  Energy-Intensive Manufacturers' Working Group on Greenhouse Gas Regulation

Case No. 10-1207:  South Carolina Public Service Authority

Case No. 10-1208:  Mark R. Levin; Landmark Legal Foundation

Case No. 10-1210:  National Environmental Development Association's Clean Air Project

Case No. 10-1211:  State of Alabama; State of North Dakota; State of South Dakota; Haley Barbour, Governor of Mississippi; State of South Carolina; State of Nebraska

Case No. 10-1212:  Utility Air Regulatory Group

Case No. 10-1213:  Missouri Joint Municipal Electric Utility Commission

Case No. 10-1216:  Clean Air Implementation Project

Case No. 10-1218:  National Association of Manufacturers; American Frozen Food Institute; American Petroleum Institute; Brick Industry Association; Corn Refiners Association; Glass Association of North America; Glass Packaging Institute; Independent Petroleum Association of America; Michigan Manufacturers Association; Mississippi Manufacturers Association; National Oilseed Processors Association; National Petrochemical & Refiners Association; Tennessee Chamber

of Commerce and Industry; Western States Petroleum Association; West Virginia Manufacturers Association; Wisconsin Manufacturers & Commerce; National Association of Home Builders

Case No. 10-1219:  National Federation of Independent Business

Case No. 10-1220:  Portland Cement Association

Case No. 10-1221:  Louisiana Department of Environmental Quality

Case No. 10-1222:  Rick Perry, Governor of Texas; Greg Abbott, Attorney General of Texas; Texas Commission on Environmental Quality; Texas Department of Agriculture; Texas Public Utilities Commission; Texas Railroad Commission; Texas General Land Office; State of Texas

Respondents

United States Environmental Protection Agency (Respondent in all consolidated cases) and Lisa Perez Jackson, Administrator, United States Environmental Protection Agency (Respondent in Nos. 10-1199, 10-1219).  Ms. Jackson ceased to hold the office of Administrator, United States Environmental Protection Agency, on February 15, 2013; that office is currently held by Gina McCarthy.

Intervenors for Petitioners

American Frozen Food Institute; American Petroleum Institute; Corn Refiners Association; Glass Association of North America; Independent Petroleum Association of America; Indiana Cast Metals Association; Michigan Manufacturers Association; National Association of Home Builders; National Association of Manufacturers; National Oilseed Processors Association; National Petrochemical & Refiners Association; Tennessee Chamber of Commerce and Industry; West Virginia Manufacturers Association; Western States Petroleum Association; Wisconsin Manufacturers & Commerce

Intervenors for Respondents

Commonwealth of Massachusetts; Commonwealth of Pennsylvania, Department of Environmental Protection; Conservation Law Foundation; Environmental Defense Fund; Georgia ForestWatch; Natural Resources Council of Maine; Natural Resources Defense Council; Sierra Club; South Coast Air Quality Management District; State of California; State of Illinois; State of Iowa; State of Maine; State of Maryland; State of

New Hampshire; State of New Mexico; State of New York; State of North Carolina; State of Oregon; State of Rhode Island; Wild Virginia

Amici Curiae for Petitioners

American Chemistry Council; Commonwealth of Kentucky; Municipal Gas Commission of Missouri

3.    **Petitions for Review Consolidated with Lead Case No. 10-1092 (Challenging the Auto Rule, 75 Fed. Reg. 25,324 (May 7, 2010))**

Petitioners

Case No. 10-1092:  Coalition for Responsible Regulation, Inc.; Industrial Minerals Association–North America; National Cattlemen's Beef Association; Great Northern Project Development, L.P.; Rosebud Mining Company; Alpha Natural Resources, Inc.

Case No. 10-1094:  Southeastern Legal Foundation, Inc.; John Linder (U.S. Representative) (GA-7th); Dana Rohrabacher (U.S. Representative) (CA-46th); John Shimkus (U.S. Representative) (IL-19th); Phil Gingrey (U.S. Representative) (GA-11th); Lynn Westmoreland (U.S. Representative) (GA-3rd); Tom Price (U.S. Representative) (GA-6th); Paul Broun (U.S. Representative) (GA-10th); Steve King (U.S. Representative) (IA-5th); Nathan Deal (U.S. Representative) (GA-9th); Jack Kingston (U.S. Representative) (GA-1st); Michele Bachmann (U.S. Representative) (MN-6th); Kevin Brady (U.S. Representative) (TX-8th); John Shadegg (U.S. Representative) (AZ-3rd); Dan Burton (U.S. Representative) (IN-5th); The Langdale Company; Langdale Forest Products Company; Georgia Motor Trucking Association, Inc.; Collins Industries, Inc.; Collins Trucking Company, Inc.; Kennesaw Transportation, Inc.; J&M Tank Lines, Inc.; Southeast Trailer Mart, Inc.; Georgia Agribusiness Council, Inc.

Case No. 10-1134:  American Iron & Steel Institute

Case No. 10-1143:  Competitive Enterprise Institute; FreedomWorks; The Science and Environmental Policy Project

Case No. 10-1144:  Ohio Coal Association

Case No. 10-1152:  Mark Levin and Landmark Legal Foundation

Case No. 10-1156:  Gerdau Ameristeel US Inc.

Case No. 10-1158:  Energy-Intensive Manufacturers' Working Group on Greenhouse Gas Regulation

Case No. 10-1159:  Portland Cement Association

Case No. 10-1160:  Chamber of Commerce of the United States of America

Case No. 10-1161:  Utility Air Regulatory Group

Case No. 10-1162:  National Mining Association

Case No. 10-1163:  Peabody Energy Company

Case No. 10-1164:  American Farm Bureau Federation

Case No. 10-1166:  National Association of Manufacturers; American Frozen Food Institute; American Petroleum Institute; Brick Industry Association; Corn Refiners Association; Glass Packaging Institute; Michigan Manufacturers Association; Mississippi Manufacturers Association; National Association of Home Builders; National Federation of Independent Business; National Oilseed Processors Association; National Petrochemical and Refiners Association; Specialty Steel Industry of North America; Tennessee Chamber of Commerce & Industry; West Virginia Manufacturers Association; Wisconsin Manufacturers & Commerce

Case No. 10-1182:  State of Texas; Governor Rick Perry (TX); Attorney General Greg Abbott (TX); Texas Commission on Environmental Quality; Texas Agriculture Commission; Texas Public Utilities Commission; Texas Railroad Commission; Texas General Land Office; State of Alabama; State of South Carolina; State of South Dakota; State of Nebraska; State of North Dakota; Commonwealth of Virginia; Haley Barbour, Governor of the State of Mississippi

<u>Respondents</u>

United States Environmental Protection Agency (Respondent in all consolidated cases); National Highway Traffic Safety Administration (Respondent in Nos. 10-1094 and 10-1143); and Lisa P. Jackson, Administrator, United States Environmental Protection Agency (Respondent in Nos. 10-1160 and 10-1166).  Ms. Jackson ceased to hold the office of Administrator, United States Environmental Protection Agency, on February 15, 2013; that office is currently held by Gina McCarthy.

Intervenors for Petitioners

State of Georgia; Langdale Farms, LLC; Langdale Fuel Company; Langdale Chevrolet-Pontiac, Inc; Langdale Ford Company; Langboard, Inc.–MDF; Langboard, Inc–OSB

Intervenors for Respondents

Global Automakers (f/k/a Association of International Automobile Manufacturers); Alliance of Automobile Manufacturers; Natural Resource Defense Council, Environmental Defense Fund, Sierra Club; Commonwealth of Massachusetts; States of California, Delaware, Illinois, Iowa, Maine, Maryland, New Mexico, New York, Oregon, Rhode Island, Vermont, and Washington; Pennsylvania Department of Environmental Protection; City of New York

Amicus Curiae for Petitioners

American Chemistry Council

Amici Curiae for Petitioners

Institute for Policy Integrity at New York University School of Law; Honeywell International, Inc.

## 4.    Petitions for Review Consolidated With Lead Case No. 10-1167

Petitioners

Case Nos. 10-1167, 10-1168, 10-1169, and 10-1170:   American Chemistry Council.

Case Nos. 10-1176, 10-1178, 10-1179, and 10-1180:   National Association of Manufacturers, American Frozen Food Institute, American Petroleum Institute, Brick Industry Association, Corn Refiners Association, Glass Packaging Institute, Independent Petroleum Association of America, Michigan Manufacturers Association, Mississippi Manufacturers Association, National Association of Home Builders, National Oilseed Processors Association, National Petrochemical and Refiners Association, Specialty Steel Industry of North America, Tennessee Chamber of Commerce and Industry, WesternStates Petroleum Association, West Virginia Manufacturers Association, and Wisconsin Manufacturers & Commerce

Case Nos. 10-1173, 10-1174, 10-1175, and 10-1177:  Clean Air Implementation Project.

<u>Respondents</u>

U.S. Environmental Protection Agency (EPA) and Lisa P. Jackson, Administrator; U.S. Environmental Protection Agency. Ms. Jackson ceased to hold the office of Administrator, United States Environmental Protection Agency, on February 15, 2013; that office is currently held by Gina McCarthy.

<u>Intervenor for Petitioners</u>

Chamber of Commerce of the United States of America

<u>Intervenors for Respondents</u>

Conservation Law Foundation, Environmental Defense Fund, Natural Resources Defense Council, and Sierra Club

<u>Amicus Curiae for Respondents</u>

Center for Biological Diversity

**ADDENDUM**

**CORPORATE DISCLOSURE STATEMENT**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Circuit Rules 35(c) and 26.1, Petitioners make the following disclosures:

1.    Petitioner Southeastern Legal Foundation, Inc. ("SLF") is a non-profit Georgia corporation and constitutional public interest law firm and policy center that advocates limited government, individual economic freedom, and the free enterprise system in the courts of law and public opinion.  SLF has no parent companies.  No publicly held corporation has ten percent or greater ownership interest in SLF.

2.    The Langdale Company is a Georgia corporation and is the parent company for a diverse group of businesses, some of which are described below. The Langdale Company has no parent companies. No publicly-held corporation has 10% or greater ownership in the Langdale Company.

3.    Langdale Forest Products Company is a Georgia corporation and is a leading producer of lumber, utility poles, marine piling and fence posts. Langdale Forest Products Company is a wholly owned subsidiary of the Langdale Company. No publicly-held corporation has 10% or greater ownership in Langdale Forest Products Company.

4.    Langdale Farms, LLC is a Georgia Corporation in the business of producing soybeans, peanuts, cotton, pecans, tomatoes, hay, cattle, and fish. Langdale Farms, LLC is a wholly owned subsidiary of The Langdale Company. No publicly-held corporation has 10% or greater ownership in Langdale Farms, LLC.

5.     Langdale Fuel Company is a Georgia corporation in the business of providing fuel for The Langdale Company's needs. It is comprised of two divisions which provide wholesale Fuel and Lubricants. Langdale Fuel Company is a wholly owned subsidiary of The Langdale Company. No publicly-held corporation has 10% or greater ownership in Langdale Fuel Company.

6.     Langdale Chevrolet-Pontiac, Inc. is a Georgia corporation in the business of selling and servicing Chevrolet and Pontiac automobiles. Langdale Chevrolet-Pontiac, Inc. is a wholly owned subsidiary of The Langdale Company. No publicly-held corporation has 10% or greater ownership in Langdale Chevrolet-Pontiac, Inc.

7.     Langdale Ford Company is a Georgia corporation in the business of selling and servicing Ford automobiles and trucks with one of the largest new car and truck dealerships in the area with sales, service, parts, body repair and commercial/fleet departments. Langdale Ford Company is a wholly owned subsidiary of The Langdale Company. No publicly-held corporation has 10% or greater ownership in Langdale Ford Company.

8.     Langboard, Inc. – MDF is a Georgia corporation in the business of producing Medium Density Fiberboard (MDF).  MDF is used in various applications including molding, flooring and furniture. Langboard, Inc.-MDF is a wholly owned subsidiary of The Langdale Company. No publicly-held corporation has 10% or greater ownership in Langboard, Inc.-MDF.

9.    Langboard, Inc. - OSB is a Georgia corporation in the business of producing Oriented Strand Board (OSB). OSB is used in the home construction industry as a panel in flooring, roofing and siding.

10.    Georgia Motor Trucking Association, Inc. is a Georgia corporation that serves as the "voice" of the trucking industry in Georgia, representing more than 400 for-hire carriers, 400 private carriers, and 300 associate members. The mission of the Georgia Motor Trucking Association is to promote: reasonable laws; even-handed, common-sense administration; equitable and competitive fees and taxes; a market, political and social environment favorable to the trucking industry; and good citizenship among the people and companies of Georgia's trucking industry. Georgia Motor Trucking Association, Inc. has no parent corporation. No publicly-held corporation has 10% or greater ownership interest in the Georgia Motor Trucking Association.

11.    Collins Industries, Inc. is a Georgia corporation in the business of transporting building products. Collins Industries, Inc. has no parent corporation. No publicly-held corporation has 10% or greater ownership interest in Collins Industries, Inc.

12.    Collins Trucking Company, Inc. is a Georgia corporation in the business of transporting pine and hardwood logs in the state of Georgia. Collins Trucking Company, Inc. is a subsidiary of Collins Industries, Inc. No publicly-held corporation has 10% or greater ownership interest in Collins Trucking Company, Inc.

13.    Kennesaw Transportation, Inc. is a Georgia corporation in the business of truckload long-haul transportation of goods, serving an area from Georgia south to Florida, north to Illinois, and west to Washington, Oregon, California, Nevada and Arizona. Kennesaw Transportation, Inc. has no parent company. No publicly-held corporation has a 10% or greater ownership interest in Kennesaw Transportation, Inc.

14.    J&M Tank Lines, Inc. is a Georgia corporation in the business of transporting industrial grade products, such as lime, calcium carbonate, cement, and sand, as well as food grade products such as flour,  and our agricultural grade products such as salt. J&M Tank Lines, Inc. operates a fleet of 265 tractors and 414 tanks, with 9 terminals located in Georgia, Alabama, and Texas. J&M Tank Lines, Inc. has no parent company. No publicly-held corporation has a 10% or greater ownership in J&M Tank Lines, Inc.

15.    Southeast Trailer Mart, Inc. is a Georgia corporation in the business of selling new and used semi-trailers, along with providing related parts and services. Southeast Trailer Mart, Inc. has no parent company. No publicly-held company has a 10% or greater ownership in Southeast Trailer Mart, Inc.

16.    Georgia Agribusiness Council, Inc. is a Georgia corporation Georgia whose mission is to advance the business of agriculture and promote environmental stewardship to enhance the auality of life for all Georgians. The Georgia Agribusiness

Council, Inc. has no parent company. No publicly-held company as a 10% or greater ownership in the Georgia Agribusiness Council, Inc.

17.    Coalition for Responsible Regulation, Inc., is a non-profit membership corporation organized under the laws of the State of Texas for the purpose of promoting social welfare, particularly to ensure that the Clean Air Act is properly applied to greenhouse gases, and its members include businesses and trade associations of businesses engaged in activities that would likely be subject to regulation under the Clean Air Act for greenhouse gas emissions.  Coalition for Responsible Regulation, Inc. has no parent companies.  No publicly-held corporation has a 10% or greater ownership interest in Coalition for Responsible Regulation, Inc.

18.    Industrial Minerals Association - North America ("IMA-NA") is a trade association representing the interests of producer member companies that extract and process industrial minerals, and associate member companies that provide goods and services to the industrial minerals industry. IMA-NA has no parent companies. No publicly-held corporation has a 10% or greater ownership interest in IMA-NA.

19.    National Cattlemen's Beef Association ("NCBA") is a trade association representing more than 230,000 cattle breeders, producers, and feeders in the United States. NCBA has no parent companies. No publicly-held corporation has a 10% or greater ownership interest in NCBA.

20.    Great Northern Project Development, L.P. is a Delaware limited partnership engaged in the business of developing, constructing, and operating coal

Add-24

gasification projects. Great Northern Project Development, L.P. has no parent companies. No publicly-held corporation has a 10% or greater ownership interest in Great Northern Project Development, L.P.

21.    Massey Energy Company is a Delaware corporation engaged in the business of mining and processing coal in Central Appalachia. Massey Energy Company has no parent companies. Black Rock Advisors LLC and Fidelity Management and Research Company each hold a 10% or greater ownership interest in Massey Energy Company.

22.    Rosebud Mining Company is a Pennsylvania corporation engaged in the business of bituminous coal mining primarily in Ohio and Pennsylvania. Rosebud Mining Company has no parent companies. No publicly-held corporation has a 10% or greater ownership interest in Rosebud Mining Company.

23.    Alpha Natural Resources, Inc. is a Delaware corporation engaged in the business of coal mining and gas production. Alpha Natural Resources, Inc. has no parent companies. No publicly-held corporation has a 10% or greater ownership interest in Alpha Natural Resources, Inc.

24.    Landmark Legal Foundation is a Missouri nonprofit corporation and national public interest law firm exempt from taxation under 26 U.S.C. § 501(c)(3). Landmark Legal Foundation does not have a parent company and is not traded for profit.

25.     The Competitive Enterprise Institute is a non-profit 501(c)(3) corporation organized under the laws of the District of Columbia for the purpose of defending free enterprise, limited government, and the rule of law.  CEI has no parent companies, and no publicly-held corporation has a 10% or greater ownership interest in it.

26.     Freedomworks is a non-profit 50l(c)(4) corporation organized under the laws of the District of Columbia for the purpose of promoting individual liberty, consumer choice and competition, and has over 870,000 members nationwide. Freedomworks has no parent companies, and no publicly-held corporation has a 10% or greater ownership interest in it.

27.     The Science and Environmental Policy Project is a non-profit 501(c)(3) corporation organized under the laws of the State of Virginia for the purpose of promoting sound and credible science as the basis for regulatory decisions. The Science and Environmental Policy Project has no parent companies, and no publicly-held corporation has a 10% or greater ownership interest in it.

**ADDENDUM**

**CERTIFICATE OF SERVICE**

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit Rule 25(c), I hereby certify that, on this 26th day of May, 2015, I caused the foregoing document to be electronically filed with the Clerk of the Court by using the Court's CM/ECF system. All registered CM/ECF users will be served by the Court's CM/ECF system.

/s/ Shannon L. Goessling
Shannon L. Goessling